In the Matter of the Application of THE NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, as Trustee of the Trusts Thereby Created, for Construction of the Last Will and Testament of JOHN R. CARNELL, Deceased.*

HOPE CARNELL, JOHN R. CARNELL, JR., and PRENTISS CARNELL, Individually and as Trustees of the Trusts Created, and Others, and MARTIN SCHENCK, as Special Guardian for PRENTISS CARNELL, III, and Others, Infants, Appellants; THE NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, as Trustee, etc., Respondent.

Third Department, July 2, 1940.

* Affg. 174 Misc. 127.

*Ralph E. Rogers,* for the appellants, Hope Carnell and others.

*Martin Schenck,* special guardian for Prentiss Carnell, 3rd, and others, infants-appellants.

*Whalen, McNamee, Creble & Nichols* [*Robert E. Whalen* of counsel], for the respondent.

HEFFERNAN, J.   John R. Carnell died on the 29th day of September, 1920, leaving a last will and testament and two codicils thereto, all of which were probated in the Surrogate's Court of Albany County on the 11th day of October, 1920, and letters testamentary thereunder were issued to the executors named therein.

Testator was a man of considerable business experience and had been a discount bank president and director and also a trustee of a savings bank.

By the 6th, 7th and 8th clauses of his will testator created three separate trusts for the benefit of a daughter and two sons.   The respondent is one of two trustees of each of the trusts, the other trustee in each case being the life tenant of the particular trust. The trustees set up and established three trusts in accordance with the directions contained in the will from assets owned by testator at the time of his death and received by them from the executors. The securities comprising the corpus of the respective trusts consist exclusively of the stock of public utilities, banking and private corporations.

The respondent bank petitioned the court for a construction of the provisions of clause 12th of the will in order to obtain a judicial determination as to whether the securities held as part of the corpus of the trusts are proper investments.

The 12th clause of the will reads as follows: " The trustees of the special trusts herein and hereby created are hereby given and vested with the following rights, powers and duties: They may and shall, in the exercise of their sound judgment and discretion, change the nature of the investments originally selected by them to constitute the principal of said trust funds, and may, for that purpose and from time to time, sell and dispose of the same, replacing them with other securities purchased in the exercise of their good judgment and discretion.   All such securities, however, composing the principal of any such trust, to be always well selected, and well secured securities, as distinguished from speculative securities or investments.

" They shall care for, manage and protect the said trusts to the best of their ability, and in the exercise of their sound and conservative judgment and discretion, but for any error of judgment or for any extraordinary or unforeseen depreciation of securities, they shall not be liable, provided they may have used ordinary care and diligence.

" The said trustees of the special trusts are hereby authorized and empowered to spend all reasonable and necessary sums in the discharge of their duties as such trustees, and to retain semi-annually commissions allowed to trustees by law upon paying over the net interest, income and profits of the said trusts semi-annually, as hereinabove provided for.

" The said trustees are hereby expressly authorized and advised to retain as part or portion of the said trusts, or any of them, such city bonds of cities of the State of New York, or corporate stock of the cities of the said State, as may be possessed by me at the time of my death."

A question of law only is presented for our determination. The court below held that the trustees are required to confine the investments made by them of the principals of the trusts in securities prescribed by section 111 of the Decedent Estate Law and section 21 of the Personal Property Law, and directed them to sell such non-conforming securities as now form a part of the principal of any of the three trusts, the proceeds of such sales to be invested in conforming securities. With the exception of the respondent bank, the other trustees and the other contingent remaindermen have appealed from the decree.

The solution of our problem depends upon the meaning of the phrase " well secured securities " used by testator in his will.

The general rule is that in the absence of express authority in the instrument creating the trust or statutory provisions to the contrary a trustee cannot invest such funds in the stocks, bonds or other securities of private business corporations or in bank stocks. (65 C. J. 804.) Corporate stocks have but little more than speculative value. Their market value must depend upon the opinion that is entertained as to future earnings and the character of the management of the companies. Obviously such elements of value are too unstable and speculative to form a safe subject for the investment of trust funds. It is settled in this State that a trustee holding funds for investment is bound to put them in government or real securities. (*King* v. *Talbot*, 40 N. Y. 76; *Matter of Wotton*, 59 App. Div. 584; affd., 167 N. Y. 629.) A discretionary power given to the trustee by the trust instrument does not enlarge the powers of the trustee with reference to the investment in corporate securities and such discretion, in the absence of words in the will giving greater authority, should not be held to authorize investment of the fund in new, speculative or hazardous ventures. (*Matter of Hall*, 164 N. Y. 196.) When the author of a trust gives explicit directions as to the classes of securities in which the fund shall be invested it is the duty of the trustee to follow such instructions

literally unless no such investment as is directed can be made or the safety of the investment directed has become doubtful by reason of supervening circumstances. (65 C. J. 808.)

It is the well-settled rule of the English Court of Chancery that the trustee can protect himself against risk only by investing the trust fund in real or governmental securities. While there has been a tendency in this country to depart from the English rule owing to the wide difference in the opportunities for investments in governmental securities in the two countries, yet the courts have adhered tenaciously to the principle that safety is the primary object to be secured in an investment of this kind, and many of them have taken occasion to commend the English rule for its safety, and with great unanimity have recognized the fundamental principle of that rule, at least to the extent that all speculative risks are strictly forbidden. (26 R. C. L. 1308.)

The rule adopted in the majority of jurisdictions is that in the absence of authority granted by the instrument creating the trust or conferred by court order or statute, a trustee has no power to invest the trust funds in the stock of private corporations, such as banks, railroads, manufacturing companies, etc., and an investment so made will be at his risk even though in making the investment he acted in good faith and exercised what he supposed to be a sound judgment. (26 R. C. L. 1309.)

A direction to invest in " good securities " has been construed to mean investment in such securities, and such securities only, as are regarded by the court as proper for trust funds. (*Brown* v. *Brown*, 72 N. J. Eq. 667; 65 A. 739.) Strictly speaking, " well secured securities " are such as are " put beyond the hazard of losing." (*Third National Bank* v. *Norris*, 331 Ill. 230; 162 N. E. 829.)

In the absence of express authority to the contrary in the will a testamentary trustee must invest the funds in securities authorized by the statute. (*Matter of Doelger*, 254 App. Div. 178; affd., 279 N. Y. 646.) In *Delafield* v. *Barret* (270 N. Y. 43) the Court of Appeals said that the provisions of section 111 of the Decedent Estate Law " specify those types of investments which to the Legislature seem to afford a maximum of safety." In *Matter of Muller* (155 Misc. 748) a distinguished probate judge, Mr. Surrogate FOLEY, held that in the absence of specific authorization in the will a testamentary trustee may not be authorized by the court to invest in shares of common stock.

Appellants urge that the will confers upon the trustees discretionary power to invest in other than legal securities. This contention must be rejected. The discretion conferred upon trustees is not couched in general words. Where a trustee is directed to use

his best skill and judgment his powers and discretion are not enlarged by the use of these words. However large the discretion of trustees may be in the exercise and execution of their trusts, the court never loses its power to review the use of this discretion and, if need be, to correct any abuse in its exercise. Here the choice of investment is not left to the judgment of trustees. In this case the testator did not authorize his trustees to invest so as to bring in the largest income compatible with reasonable safety of the principal nor did he empower them in their discretion to invest in good interest-bearing securities. Far from that, he enjoined upon them that all securities composing the principal of any of the trusts, whether owned by him at the time of his death or chosen by the trustees, " in the exercise of their sound judgment and discretion," must " be always well selected, and well secured securities, as distinguished from speculative securities or investments." The testator was not merely content to employ the word " securities; " instead he was careful to stipulate that such securities must be both " well selected " and " well secured." The testator has distinctly and carefully qualified the nature of the securities in which the trustees may invest. It was his prerogative to prescribe how the investments should be made and on what security. That he never intended to permit his trustees to invest the principal of the trusts in specula-tive stocks is clearly evidenced by the last paragraph of the 12th clause of the will in which he authorizes the trustees to retain as part of the trust city bonds of cities of the State of New York or corporate stock of the cities of the State. It is significant that he carefully refrained from directing the retention of any corporate stock as part of the trusts. He evidently had in mind that shares of corporate stock merely represent a stockholder's aliquot right to the net assets of the corporation after full payment of all its lia-bilities, including, as a rule, the right of preferred stockholders to receive the full par value of their shares, but only after the discharge of all corporate debts. True it is that there is no form of security which is entirely immune from chance of loss. Inflation may work a loss in government securities; repudiation may render State bonds valueless, and municipal corporations may become insolvent. Nevertheless, Federal, State and municipal bonds, approved by section 235 of the Banking Law for investments by savings banks, are sanctioned, because each such kind of bond has behind it, as security, the exercise of the taxing power, universally regarded in the field of finance as an adequate guaranty of performance of the obligor's promise to pay. " Well selected securities," therefore, can only mean such as are fortified by a lien upon tangible property, real or personal, or by a pledge of intangibles.

Appellants stress the argument that if the trustees can invest only in securities which are fortified by tangible assets it will result in a great loss in the value of the trust funds and in a decreased income to the life beneficiaries. That argument is not persuasive. The enrichment of the beneficiary is not the rule which should govern the trustee. The primary object of the creation of a trust is the preservation and perpetuity of the fund until the purposes of the trust have been accomplished. This object is necessarily endangered and may be entirely defeated by exposing the estate to the perils of speculative pursuits which are always subject to the hazard of great loss. Statutes relating to the securities in which trust funds may be invested were enacted by the Legislature after a most comprehensive study of the subject and we should be loath to countenance any argument which would weaken their efficacy.

We agree with the court below in its disposition of the question presented, and the decree appealed from should be affirmed, with costs to all parties appearing payable out of the estate.

HILL, P. J., CRAPSER, BLISS and FOSTER, JJ., concur; HILL, P. J., dissents to the granting of the stay.

Decree affirmed, with costs to all parties filing briefs payable out of the estate.

Appellants are hereby granted permission to appeal to the Court of Appeals if so advised and this court hereby certifies that a question of law has arisen which ought to be passed upon by the Court of Appeals.

If an appeal be seasonably taken, all proceedings under the decree are hereby stayed for sixty days.