In the Matter of the Accounting of ALMA T. LOBER et al., as Executors of MORRIS LOBER, Deceased.

Surrogate's Court, Westchester County, September 24, 1945.

*Ehrich, Royall, Wheeler & Holland* for petitioners.

*Harry G. Herman,* special guardian for James M. Lober and another, infants.

GRIFFITHS, S. The petitioners, the executors and trustees under the will of the above-named decedent, have petitioned the court for authority to enlarge the power to make investments conferred upon them by paragraph " NINTH " of decedent's will, dated November 24, 1936, which reads as follows: " NINTH: I authorize my executors and trustees to retain any investments, real or personal, of which I may die possessed, or to sell and dispose of the same, and I authorize my said trustees to

invest and reinvest the principal of the trust funds in and by this will created, and all lawful accumulations of the income thereof, in such securities as may be permitted for the investment of trust funds by the laws and statutes of the State of New York, except that my trustees shall not make any investments in real estate mortgages made to secure the bonds of any real estate corporation or of any individual, and provided further that except as to direct obligations of the United States of America, or obligations guaranteed as to principal and interest by the United States of America, not more than five per cent (5%) of the total amount of the trust funds shall at any one time be invested in the securities of any one state, county, municipality or district, or of any one corporation.''

Decedent was engaged in the stock brokerage business for many years. Testimony was offered to establish that shortly prior to his death, decedent decided to change his will to confer upon his trustees discretionary power to invest in such securities as they might deem advisable, including real estate mortgages to the extent of not more than 10% of the trust fund instead of 5% thereof. Where, as here, the language of a will is clear and admits of but one construction, extrinsic proof may not be considered to show that the testator had a contrary intention. (*Dwight* v. *Fancher*, 245 N. Y. 71.) It is elementary, of course, that a change in the will could have been effected only by executing a codicil thereto, or a new will in the manner provided by statute.

In support of the application to permit the trustees to depart from the terms of the will and invest in such securities as they may deem proper, evidence was offered to show that there is no more safety in investing in so-called '' legals '' than there is in investing in nonlegal securities of sound and well-managed corporations; that the prices of municipal securities are at such high levels as to assure a loss of principal upon call or maturity, and provide a very low yield; and that as a result of such investments, the beneficiaries of the trust, instead of receiving purely income, would also, in effect, be withdrawing part of the principal since under paragraph '' ELEVENTH '' of the will, the trustees are directed not to amortize the excess cost over the face value of the bonds. It is urged that in addition thereto, principal would be suffering a loss in many instances greater than the amount of amortization which might be applicable in the absence of a provision such as that contained in paragraph '' ELEVENTH '' of decedent's will. Petitioners point out the disadvantages in certain other types of invest-

ments authorized for the investing of trust funds under the laws of the State of New York, and the advantage of investment in other securities.

The application of the petitioners is denied in all respects. Although under certain conditions including impossibility of performance, illegality or emergencies such as where there are wasting assets, or to avoid destruction of the trust, the courts of this State have authorized the trustees to depart from the terms of a will limiting the class of investment, I find no circumstances present here to warrant such action.

The present statutory provisions [Decedent Estate Law, § 111; Personal Property Law, § 21] defining the class of investments in which fiduciaries may invest trust funds are a part of the public policy of this State. As was said by Judge Collin in *Costello* v. *Costello* (209 N. Y. 252, 261): " The statutory provision and the rules of equity characterizing the securities in which trust funds may be invested were adopted in the light of experience and we do not intend to weaken them or increase their elasticity."

There is no power in any court to disregard the command of the Legislature. If a change should be made in the class of legal investments, this is a matter for legislative consideration. (*Matter of Muller*, 155 Misc. 748; *Matter of Smith*, 279 N. Y. 479.)

Settle decree.