In the Matter of the Accounting of CONTINENTAL BANK AND TRUST COMPANY OF NEW YORK, as Trustee of its First Discretionary Common Trust Fund.

Surrogate's Court, New York County, December 7, 1946.

*Wise, Shepard, Houghton & Kelly* for Continental Bank & Trust Company of New York, as trustee, petitioner.

*Alexander A. Falk,* special guardian and attorney for infants and others having any interest in the principal or capital, respondent.

*Owen McGivern,* special guardian and attorney for infants and others having any interest in the income of the first discretionary common trust fund, respondent.

COLLINS, S. Petitioner has filed the first account of its proceedings as trustee of a discretionary common trust fund, in accordance with the mandate of subdivision 10 of section 100-c of the Banking Law. In the petition it asks instructions in respect of matters which are identical with certain of the questions raised in an accounting by Bank of New York as trustee

of a discretionary common trust fund. The issues raised in that proceeding have been determined by Mr. Surrogate DELEHANTY (*Matter of Bank of New York,* 189 Misc. 459) and this branch of the court is in complete agreement with the determinations there made. For the reasons which are therein set forth the court makes the following rulings in the pending proceeding:

(1) The ordinary expenses of an accounting proceeding may be paid out of the common fund and are a proper charge against the principal of the common fund as of the date of the decree.

(2) In accordance with the plan of operation of the petitioner it is not required to amortize premiums paid on securities purchased by it as trustee of the common trust fund. An investment made by petitioner in its separate capacity as trustee of the common fund is an investment by an entirely separate entity and petitioner has no concern with any rule of amortization that might be applicable if the investment had been made by a participating estate or fund.

(3) In determining the maximum amount that may be invested in participations in the common fund, the " presently payable " test is to be applied, in accordance with the Banking Board's interpretation of its own regulation.

(4) Where an instrument creates separate and distinct trusts, the funds of each separate trust may be invested in the common fund if such investments do not conflict with the regulations of the Banking Board. The words " the instrument " which appear in the second sentence of subdivision 1 of section 100-c of the Banking Law, were intended to refer to the source of authority to invest in the common fund and not to constitute a limitation upon the maximum amount that could be invested by all the separate trusts created in the same instrument.

(5) The court approves the practice adopted by the petitioner in issuing units of participation for United States Savings Bonds, Series G, at par, and in using the cost or par value of the bonds in the periodic valuations required by the statute.

One of the special guardians raises a further question in respect of the giving of notice to beneficiaries of the participating estates or trusts.* Subdivision 9 of section 100-c prescribes the notice that must be given to beneficiaries of the participating trusts at the time of making the first investment of any estate or trust in the common fund, the contents of the notice, the persons to whom it must be given and the manner of giving it. In respect of failure to give any notice, the statute provides: " The decree entered in any proceeding instituted

---

* See, also, *Matter of Security Trust Co. of Rochester,* 189 Misc. 748.—[REP.

for the judicial settlement of an account of the trust company in respect of such common trust fund shall not be conclusive against any person to whom the trust company was required to send such notice but to whom such notice was not sent unless notice of all investments made prior thereto by the estate, trust or fund in which such person is interested shall have been sent to such person at least thirty days prior to the entry of such decree or, if such notice is sent less than thirty days prior to the entry of such decree, unless such person shall fail within sixty days after the mailing of such notice to him to apply to vacate the said decree as to him.''

The special guardian contends that certain persons were entitled to notice under the statute and that no notice was sent to them. He recommends that the decree to be entered provide that it shall not be binding on the designated persons. Even if it be assumed (without deciding the question) that these persons were entitled to notice, nevertheless, it is unnecessary to provide in the decree respecting its binding effect upon them or upon any other person. The statute prescribes the rights and remedies of any person entitled to notice who was not properly furnished with such notice, and the decree should neither enlarge nor diminish the rights given by statute to the beneficiaries.

Submit decree on notice settling the account accordingly.