In the Matter of the Accounting of Bank of New York and Fifth Avenue Bank, as Trustee under the Will of Julia B. Peck, Deceased.

Surrogate's Court, New York County, May 12, 1950.

*Emmet, Marvin & Martin* for trustee, petitioner.

*Stanley E. Anderson* for Louise G. Phelps and others, respondents.

*James H. Halpin,* special guardian for Louise P. O'Ryan and another, infants, respondents.

COLLINS, S. The accounting corporate trustee requests that decedent's will be construed for the purpose of determining the extent of the trustee's investment powers, particularly with respect to common trust funds maintained by the trustee in accordance with section 100-c of the Banking Law. (See *Mullane* v. *Central Hanover Bank & Trust Co.,* 339 U. S. 306 [April 24, 1950].) The first sentence of the tenth article of the will grants to the trustee a power of sale and authority to reinvest the proceeds of the sale of real or personal property " in such manner and in such securities as shall seem best." A later provision in the same article limits reinvestments of the personal estate in nonlegals to those approved in writing by the persons entitled at the time to the income of the trusts. A similar provision was considered in *Matter of Emmet* (N. Y. L. J., Feb. 16, 1940, p. 739, col. 4).

The court holds that the will authorizes the trustee to invest in legal investments, including units of participation in a legal common trust fund maintained by the trustee pursuant to the Banking Law and, provided the consents required by the will are procured, in a discretionary common trust fund maintained by the trustee pursuant to the statute (*Matter of Hoagland,* 194 Misc. 803, affd. 272 App. Div. 1040, affd. 297 N. Y. 920). Nothing in the will requires that the consents of interested persons be procured in respect of the sale of property.

Submit decree on notice construing the will and settling the account.