In the Matter of the Accounting of BANK OF NEW YORK and FIFTH AVENUE BANK, as Trustee under the Will of JULIA B. PECK, Deceased.

Surrogate's Court, New York County, December 6, 1950.

*Richard S. Emmet, John L. Merrill, Jr.,* and *Eunice O'Neill* for trustee, petitioner.

*Stanley E. Anderson* for Louise G. Phelps and others, respondents.

*James H. Halpin,* special guardian for Louise P. O'Ryan and another, infants, respondents.

COLLINS, S. The prior decision of the court held, in part, that the corporate trustee was authorized by decedent's will to invest in legal investments including units of participation in a legal common trust fund maintained by the trustee pursuant to section 100-c of the Banking Law (*Matter of Peck,* 198 Misc. 395). The amendment of section 21 of the Personal Property Law, made by chapter 464 of the Laws of 1950, effective July 1, 1950, does not disturb the prior decision of the court but the amendment has posed further problems as to the exercise of the

investment powers of the trustee. The issues raised by the amendment have been presented by a supplemental petition in this proceeding.

The apparent aim of the amendment to section 21 of the Personal Property Law was to facilitate the performance of fiduciary duties in connection with the investment of funds of estates. The amendment has endeavored to effect its purpose by a recognition of the functional distinction between trust investments and savings bank investments, by a departure from the theory of a limited official list of investments and by the grant of discretion to fiduciaries to be exercised within prescribed limits. The amendment also made some attempt to integrate certain of the provisions controlling investments that have been scattered throughout the statutes of this State. The effort in that direction was not intended to be at all complete. At the time of the enactment of this legislation provisions authorizing investments by fiduciaries could be found in sections 100-b, 100-c and 235 of the Banking Law; section 483 of the Conservation Law; section 111 of the Decedent Estate Law; section 85 of the Domestic Relations Law; section 21 of the Personal Property Law; sections 133, 160, 208, 238, 263, 288, 313, 512, 535, 565, 640, 856, 1038, 1309, 1333, 1359 and 1415 of the Public Authorities Law; section 49 of the Public Housing Law; section 34 of the Rapid Transit Law; section 116 of the Real Property Law and chapter 902 of the Laws of 1937 (McKinney's Unconsol. Laws, § 341), as well as other statutes of the State. This legislation affected some of the investment provisions found in the Personal Property Law, the Banking Law, the Domestic Relations Law and the Decedent Estate Law but does not refer to the other statutes above mentioned.

Paragraphs (a) to (1) inclusive of subdivision 1 of section 21 of the Personal Property Law now describe certain of the kinds and classes of securities in which trustees may invest. The only restrictions upon the making of any of the so enumerated investments are a general rule of conduct declared in the statute, any restrictive provision contained in the trust instrument and judicial supervision. Some of the investments now enumerated in subdivision 1 of section 21 of the Personal Property Law are those that were available to fiduciaries in the past by statutory authorization. However, section 21 of the Personal Property Law does not attempt to list all of the investments which fiduciaries are authorized by law to make. There still remains a large group of legal investments not encompassed within the Personal Property Law.

Paragraph (m) of subdivision 1 of the amended statute is a distinct innovation in legislative control of fiduciary investments. It opens a new field of investment to those trustees who, by reason of the silence of the wills or trust instruments appointing them, lack special investment powers. This provision of the statute permits investment in certain securities of corporations in addition to the securities made eligible for investment by the preceding paragraphs of the subdivision. The greater latitude so allowed to trustees permits them to invest in types of securities that prior to the amendment would have been designated " non-legals ". The corporate securities mentioned include common stocks. The authority to purchase corporate obligations is subject, however, to qualifications stated in the statute. One of the limitations is that " no investment shall be made pursuant to the provisions of this paragraph (m) which, at the time such investment shall be made, will cause the aggregate market value of the investments not made eligible by the preceding paragraphs of this subdivision to exceed thirty-five per cent of the aggregate market value at that time of all the property of the fund held by such fiduciary ".

In the past there have existed two general classifications of trust investments, " legals " and " non-legals ". The new statute, in effect, creates two additional categories for fiduciary investment so that today there are (1) securities made eligible for investment by the first twelve paragraphs of subdivision 1 of the new statute, (2) investments authorized by all statutes other than the new statute, (3) securities in the discretionary field opened for investment by paragraph (m) of the new statute and (4) nonlegals which are made available for investment by explicit grant of authority in the trust instrument. In the absence of a restriction in the trust instrument, all fiduciaries may invest within the first two categories without any limitation or restriction save that of vigilance and prudence. Their privilege to invest in the third group is granted by the new statute and is circumscribed by the restrictions stated in that statute. Certain of these restrictions pertain to the financial status of the securities. The limitation pertinent to the instant problem is the prohibition against purchase of any discretionary security if such purchase will cause the aggregate market value of the investments not made eligible by the statute to exceed 35% of the aggregate market value at that time of all the property held in the fund.

The right of a trustee to invest estate assets in units of a common trust fund is conferred by subdivision 1 of section 100-c

of the Banking Law. A trust company maintaining a legal common trust fund is required to invest the assets of the fund in the manner in which fiduciaries are authorized to invest by section 21 of the Personal Property Law (Banking Law, § 100-c, subd. 3). It is possible that a portion of the assets of a legal common trust fund may be comprised of corporate securities purchased by the trust company under the authority granted by paragraph (m) of the investment statute.

A question has been raised as to whether or not the testamentary trustee herein, before exercising its authority to invest funds of the estate in units of participation in its legal common trust fund, is obligated to learn the fractional portion of that legal common trust fund that is then comprised of the type of corporate securities described in paragraph (m) of the investment statute. It has been suggested that an inquiry as to the composition of the common trust fund should be made so that the trustee can be assured that the acquisition of a common trust fund unit will not disturb the permissible ratio *within the testamentary trust* between eligible investments (made pursuant to Personal Property Law, § 21, pars. [a]–[l]) and discretionary investments (made pursuant to paragraph [m] of the same statute). The court considers such inquiry for the suggested purpose wholly unnecessary. The corporate trustee herein maintains a legal common trust fund. The trustee is authorized by the explicit language of section 100-c of the Banking Law to invest funds of testamentary trusts administered by it in its legal common trust fund in the absence of a prohibition in the will creating the trust. Such an investment is not one of those described in the Personal Property Law. The authority for the investment is derived from the Banking Law and not from the Personal Property Law. The investment in the legal common trust fund is a legal investment and as such it is a duly authorized investment.

The trustee investing in a common trust fund is not purchasing a fractional share of each of the particular securities constituting assets of the common trust fund but instead the trustee is investing in the common trust fund as an entity (*Matter of Bank of New York,* 189 Misc. 459, 463, 465; *Matter of Continental Bank & Trust Co. of New York,* 189 Misc. 795, 797). The only limitation upon the extent of such investment is that found in the Banking Law. The limitation contained in paragraph (m) of subdivision 1 of section 21 of the Personal Property Law has no application.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

A supplemental question exists with regard to the effect an investment in a legal common trust fund may have upon the exercise at a later time of the prerogative granted to the trustee by paragraph (m) of the amendment. The question is whether or not the earlier investment in the legal common trust fund may in anywise limit the trustee's privilege to purchase the corporate securities mentioned in paragraph (m). In other words, if a trustee holds a unit of participation in a legal common trust fund, does this trustee, when making the mathematical computation that is preliminary to the purchase of a discretionary security, include the value of the legal common trust fund unit in reaching the total value of the investments comprising the 35% class. If the legislative purpose was to require only 65% of every trust fund to be maintained in " legals " and to permit 35% of each fund to be invested in discretionary corporate securities, the legal common trust fund unit must be regarded as within the 65% group. It is apparent that the Legislature did not intend that result.

The limitation contained in paragraph (m) of the statute is that no investment in corporate securities, pursuant to the provisions of that paragraph, shall be made which will cause the aggregate market value of the investments *not made eligible by the statute* to exceed 35% of the aggregate market value of the entire trust fund. Although investment in a legal common trust fund was a legal investment prior to the amendment to the Personal Property Law and it remains an authorized investment for trust funds today, such an investment is not one of those described in subdivision 1 of section 21 of the Personal Property Law as an " eligible " investment. Such investment is not one of those " made eligible " for investment by that statute. The statute does not state a general rule that 65% of the trust fund may be invested in legals and 35% may be invested in nonlegals. The statute dictates that in computing the 35% limitation there be excluded from that percentage only those investments made eligible for investment by paragraphs (a) to (l) inclusive of the statute. It follows that all other investments, whether they be of the discretionary class permitted by paragraph (m) of the statute or legal investments authorized by laws of the State other than section 21 of the Personal Property Law must be considered as within the 35% limitation for the purpose of computing the portion of a trust fund that is available at a given time for investment in the corporate securities described in paragraph (m).

The statutory provisions defining the investment powers of fiduciaries are declarative of the public policy of the State (*Matter of Carnell,* 260 App. Div. 287, 290, affd. 284 N. Y. 624; *Matter of Lober,* 185 Misc. 1019, 1021; *Matter of Muller,* 155 Misc. 748; *Matter of Putnam,* 42 N. Y. S. 2d 367). '' The policy of the state as evidenced by prior acts is material in the exposition of statutes. It is assumed that the Legislature will not abolish a long-standing policy without using explicit words to show its intention. Hence, where a contrary intention does not appear that construction will be given a statute which accords with prior legislative policy on the same question.'' (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 126; see, also, *Matter of New York, Westchester & Boston Ry. Co.,* 193 N. Y. 72, 89). The policy of the State has been to confine trust investments to a selected group of securities. The legislative objective in restricting investments has been declared to be to avoid exposure of the estate to perils of speculative pursuits and to assure the preservation of the fund until the purposes of the trust have been accomplished. (*Matter of Carnell,* 260 App. Div. 287, 292, *supra.*) The recent amendment to the Personal Property Law has broadened the investment powers of fiduciaries but it cannot be construed as an abandonment of long-established policy. The statute must be construed as granting only the additional investment powers that are explicit in the language of the amendment. The amendment plainly states both the limitation on the purchase of corporate securities and the method of its application. It permits the investments described in paragraph (m) to be made only on the clearly expressed condition that at such time the total value of all investments that are not '' made eligible '' for investment by paragraphs (a) to (l) inclusive of subdivision 1 of the statute shall not exceed in value 35% of the value of the trust fund. The statute does not say that, if 65% of the trust fund is invested in '' legals '', the remaining 35% of the fund may be invested in the corporate securities described in paragraph (m). The permission granted by the statute is that such corporate securities may be purchased only if the value of such newly purchased securities when added to the value of other investments not made eligible by the statute (whether or not such other investments are legal investments) will comprise a sum total not in excess of 35% of the entire trust fund. The statute requires that in determining whether or not at a particular time an investment may be made in the corporate securities

described in paragraph (m) of the statute, the trustee must regard its investments in the legal common trust fund as investments not made eligible by the statute.

Submit decree on notice, construing the will and settling the account.