In the Matter of the Accounting of CHASE NATIONAL BANK OF THE CITY OF NEW YORK, as Trustee of Its First Discretionary Trust Fund.

Surrogate's Court, New York County, May 24, 1954.

*Harrison Tweed* and *Florence Brush* for trustee, petitioner.

*Jules K. Lindenberg,* special guardian for infants, incompetents and others having an interest in principal of common trust fund, respondents.

*Vincent Fitzpatrick,* special guardian for infants, incompetents and others having an interest in income of common trust fund, respondents.

COLLINS, S. The special guardian and attorney representing infants and incompetents having any interest in the income of the common trust fund and the special guardian and attorney representing infants and incompetents having any interest in the principal of that fund have filed objections to the allowance to the trustee of the amounts expended by it for printing of reports of the annual audit of the fund. The guardians-attorneys have approved the account of the trustee in all other respects.

Section 100-c of the Banking Law authorizes common trust funds to be established and maintained with the permission of the Banking Board and pursuant to rules and regulations promulgated by that board. The plan of operation of this common trust fund has been approved by the Banking Board and section 2 of article XI of the plan provides explicitly that the cost of printing in connection with the annual audit shall be chargeable against and payable out of the principal of the fund. The objectants contend that such provision of the plan of operation contravenes the statutory provision that a trust company shall make no charge against a common trust fund for the management thereof. The objections thus present the question whether or not the printing costs constitute a charge for management by the trustee. The pertinent statutory provision reads: '' A common trust fund shall not be deemed a separate trust fund on which commissions or other compensation is allowable and no trust company maintaining such a fund shall make any charge against such fund for the management thereof.'' (Banking Law, § 100-c, subd. 4.)

The quoted portion of the statute clearly prohibits the payment of remuneration to the corporate fiduciary for its management of the fund whether such remuneration be in the form of commissions, compensation or other charge, but it has been held that the statute does not contemplate that the fiduciary must assume every expense incurred in the fund's operation. Reasonable expenses of an accounting have been held not to be a management charge (*Matter of Bank of N. Y.,* 189 Misc. 459; *Matter of Continental Bank & Trust Co. of N. Y.,* 189 Misc. 795), and this court has ruled that the charge for printing a plan of operation was an expense properly chargeable against the fund. (*Matter of Chase Nat. Bank of City of N. Y.,* 116 N. Y. S. 2d 141.) The court is still of the mind that reasonable disbursements incidental to the administration of the fund are not charges for management. It is to be noted that the plan of operation does not permit the bank to charge the fund with the compensation and expenses of its own employees but the charge here under consideration is not made for a usual trust company facility. The court holds that the disbursement for printing the report of the annual audit is not a charge for management within the intendment of the statute and that such expense is chargeable against the principal of the fund.

The fee of the attorneys for the trustee is fixed in the amount requested.

Submit decree on notice, settling the account accordingly.