John B. Sterley, S.
This is an application made by Kate D. Boger to whom letters of trusteeship were issued as a result of the trust fund created by the last will and testament of Mary D. Sayer, deceased.
The said Mary D. Sayer, the deceased above named, died a resident of the town of Marbletown, Ulster County, New York, on August 23, 1953 and on September 10, 1953 her last will and testament was admitted to probate by this court. On May 12, 1954 letters of trusteeship under the last will and testament of Mary D. Sayer, deceased, were duly issued to the petitioner herein, she being the testamentary trustee under the aforesaid last will and testament.
The construction proceeding has been brought for the purpose of construing the disposition of certain property contained in a part of paragraph Sixth of the last will and testament of the *642 deceased which reads as follows: ‘‘ the remaining share I give and bequeath to my sister, Kate D. Boger, in trust, to use and apply the income and as much of the principal as she may deem necessary for the education, maintenance and support of my grandniece, Joan Adams, to whom I hereby give, devise and bequeath the same.”
The grandniece of the decedent, Joan Adams, is an infant over the age of 14 years.
There are two matters to be determined by this court. One, whether the assets of the trust fund may be invested in nonlegals or whether the trustee is compelled to invest the funds into such funds as are legal for trust funds, the other question is to determine when the trust estate will terminate.
As to the question of investment of the funds of a trust estate the courts of the State of New York in the past have given a very strict interpretation in relation to the law governing the investment of trust funds. Section 21 of the Personal Property Law defines the classes of investment in which fiduciaries may invest trust funds. “ There is no power in any court to disregard the command of the Legislature. If a change should be made in the class of legal investments, this is a matter for legislative consideration.” (Matter of Lober, 185 Misc. 1019. 1021.) The rule is further elaborated on in the Matter of Carnell (174 Misc. 127, 129, affd. 260 App. Div. 287, affd. 284 N. Y. 624) wherein the court said: “In the absence of expressed contrary authorization in a will it is the duty of testamentary trustees to invest estate funds in securities authorized for investments by the law of this State.” (Personal Property Law, § 21.) “It is part of the public policy of the State to limit the class of investments of trust funds by statute. ’’ (Citing cases.) “As a testator designates his trustee and has power to give the trustee absolute and unlimited discretion in investments, if he does not use it and says nothing, either expressly or by implication, about the trustee’s * * * right to invest, the law limits the trustee to what are designated as legal investments.”
The paragraph of the will here sought to be interpreted makes no mention whatever as to what type of investments the trustee may make with the funds of the trust. If the will was silent with respect to investment powers, trustees would be empowered to make those investments permitted under section 21 of the Personal Property Law. (Matter of Katte, 106 N. Y. S. 2d 155.) A trustee is also limited to making new investments to legals, (Matter of Coffin, 104 N. Y. S. 2d 432.)
*643 Therefore, since it appears that the testatrix made no mention as to what type of investments the trustee might make in this ease it seems in view of the cases hereinabove cited that the trustee will be limited to investing the trust funds in such securities as are legal for trust funds.
In reference to the other question to be determined in this proceeding, that is to say, when the trust estate will terminate, one must give due consideration to the circumstances relative to the beneficiary under the trust estate. In this case the beneficiary is a young lady over 14 years of age who was the grandniece of the decedent and so far as this court is able to determine she is in good physical health and has no peculiar situation either financially or physically which would indicate that she will be in need of financial assistance after she reaches the age of 21 years. It should be noted from the language of the will, the particular section herein of which a construction is desired, that the word ‘‘ education ’’ is particularly emphasized and also the words ‘‘ maintenance ’’ and ‘‘ support ’’. I believe that the language indicates that it was the intention of the testatrix to have the child be the recipient of the deceased’s bounty for the reason that at the time of the execution of the will the grandniece was under 21 years of age and the deceased felt that someone should look after the funds until such time as the grandniece attained her majority. It also appears that the deceased was interested particularly in having the grandniece receive an education and that the deceased was particularly interested in seeing that the grandniece had sufficient funds for a proper education and also during such time for her maintenance and support. It also seems reasonable to believe that the testatrix knew that there was no forseeable future in which the grandniece would be in need of additional financial help since the grandniece was in good physical health. She was in no way physically handicapped which might lead the testatrix to believe that the grandniece should have been provided for for- the rest of her life.
Section 109 of the Real Property Law reads as follows: “ When the purpose for which an express trust is created ceases, the estate of the trustee shall also cease.” In Bogert on “ Trusts and Trustees ” (vol. 4, § 991) it was stated, “ If no term for the duration of the trust is clearly set by the creator of the trust, the court will construe his intent to be that the trust endure for the period necessary to accomplish the objects of the trust.”
It will be noted further that the testatrix made no provision for any alternate trustee to serve upon the death of the original *644 trustee and that since in the absence of that the testatrix expected the trust to be of a short duration thereby rendering it unnecessary to name an alternate trustee and further that the testatrix intended that the trust should last only so long as was necessary for the grandniece to obtain an education and to provide for her maintenance and support during such time only. In the present case the beneficiary under the trust was of tender years and was not capable of properly caring for the estate or lacked competent judgment to handle the affairs of the same until she would reach her majority. I am, therefore, of the opinion that a fair and reasonable interpretation of the terms of the clause of this will hereinbefore mentioned are such that the relation of the parties and the object to be accomplished would warrant a proper inference that it was the intention of the creator of the trust in this particular case to create a trust which should terminate when the beneficiary becomes 21 years of age.
A decree may be entered directing the trustee to invest the funds of the trust in such funds as are legal only for trust funds and further it may provide that the trust herein created shall terminate when the grandniece attains the age of 21 years.