Earl W. Tabor, S.
This proceeding has been brought by The Central Trust Company of Rochester, as trustee of three-trusts established by the provisions of the will of Clifford Gr. Adams, for an interpretation and construction of this will as to the right or authority of the trustee concerning investments. The beneficiaries are Marion Kimball Adams, an infant daughter of decedent, John Clifford Adams, an infant nephew of decedent, and Helen W. Adams, wife of Mr. Adams who has since remarried, and is now referred to as Helen W. Adams Stockton.
Mr. Adams died July 21, 1945, a retired banker. He was a resident of Palmyra in this county and was survived by a comparatively young wife and a very young daughter. His will, dated October 20, 1944, was admitted to probate in this court and was prepared by Charles C. Congdon, one of the ablest and most experienced lawyers in this part of the State in the preparation of wills and the handling of estates, both as an attorney, and as an executor and trustee. Mr. Congdon and Mr. Adams were friends for many years.
The decedent came to Palmyra over 20 years prior to his death with small financial resources, and by prudent management and sound judgment amassed a comfortable estate. He actively managed and operated a local bank during the worst economic depression this country has experienced and did a very commendable job.
The special guardian is both a lawyer and president of a bank with trust powers.
With commendable fairness both counsel for the trustee and the special guardian have made an extensive and exhaustive search of the applicable law and have presented very helpful briefs. In fact, this case was reargued at my suggestion and additional briefs submitted.
The tenth paragraph of the will of Mr. Adams, is as follows: " I empower my executor and trustee hereinafter named to invest and re-invest any of the trust funds held hereunder, and it shall have absolute and uncontrolled power and authority to invest and re-invest any of the trust funds held hereunder in such amounts as may seem fit to said executor and trustee, in such property, securities or investments, as my executor and trustee may deem advisable, providing the securities so purchased and *14 held for the benefit of said trust shall be the kind provided by law for investments by Savings Banks and not otherwise.” The italics are mine.
The trustee claims that the course of events in the investment field in the years since the death of Mr. Adams have largely defeated the purpose of the testator as to limitations in investments, and the rewriting of section 235 of the Banking Law and section 21 of the Personal Property Law results in limitations upon the investment powers of the trustee, which the testator never intended to impose and which he never anticipated. The trustee further seeks a construction that it may invest in securities authorized by the pertinent statutes now in effect which would be authorized if the will did not contain the provision limiting investments for savings banks “ and not otherwise ”, up to the 35% limitation imposed by the provisions of paragraph (m) of subdivision 1 of section 21 of the Personal Property Law.
Construction as applied to a will is the drawing of a conclusion concerning a given provision that is within the spirit, though not within the letter, of the will. Interpretation involves seeking and ascertaining the true or accurate sense of a word or group of words. “ There is a substantial difference between construction and interpretation, the latter being employed for the purpose of ascertaining the true sense of any form of words, while construction involves the drawing of conclusions regarding subjects that are not always included in the direct expression. Before construction of a will can take place, interpretation must be resorted to, if there is a doubt as to the testator’s meaning from the words used ”. (Thompson on Wills, [3d. ed], § 210, p. 320.)
There have been many decisions since the amendment to section 21 of the Personal Property Law permitting the investment of not more than 35% of the principal or corpus of an estate or trust in common stocks.
The policy prevailing in this State for many years was to restrict the investment of trust funds to a limited or select group of securities to avoid exposure of the funds to the perils and hazards of speculation and to assure the preservation of the funds. (Matter of Cornell, 260 App. Div. 287.) The legislation enacted recently and previously referred to undoubtedly expresses the present public policy of this State. (Matter of Peck, 199 Misc. 1051, 1057.)
It has been said that1 ‘ no will has a brother ’ ’, and the court of one of our sister States went so far as to say that “ no will even has a brother-in-law ”. I concur in the above comments *15 but prefer to hold that if a testator has expressed in his will a direction or authorization to his executor or trustee concerning the power of investment, unless that direction is prohibited by the law of this State, there is no reason or purpose for asking for a construction. This court has no authority to remake the will of this or any other testator, and I am convinced the trustee is requesting me to do this, whereas Mr. Adams by a clear and simple expression has already provided the trustee with the power and authority to do much more and given much more discretion in making investments than the trustee seeks.
The will before me contains no restriction or limitation concerning how much of the fund may be invested in stocks, either common or preferred; in fact the trustee may invest the whole fund in any one stock, provided it is a stock in which a savings bank may invest. Testator has given his trustee the utmost latitude as to what stock or stocks the fund may be invested in. The statute imposed a percent limitation, but decedent imposed only a limitation as to hind. The only cited case which I deem in any way helpful is the unanimous decision of the Appellate Division of this department in Matter of Wade (270 App. Div. 712), in which there is a discussion of the word !< kind ” involving investments. This decision was unanimously affirmed by our Court of Appeals (296 N. Y. 244). In the will before me the testator furnished his own unalterable formula, and there is a long list of investments available of the kind savings banks are authorized to invest in, and Mr. Adams imposed no limit, either in amount or percent. If the contention of the trustee were accepted, the word “ kind ” as used by decedent would be superfluous. I refuse to agree with such an interpretation. The trustee is seeking a construction which if literally granted would curtail and narrow the very authority it now has under the will before me, and this of course was not its intention in bringing this proceeding. The amendment to section 235 of the Banking Law simply added to the kind of investments which the trustee under this will may invest in, or in other words added common and preferred stocks which qualify.
I have been requested to interpret the meaning of the words ‘ ‘ and not otherwise ” as used by decedent at the end of the paragraph of his will which is before me. These words as here used refer directly to the word ‘ ‘ kind ’ ’ and are an absolute direct prohibition forbidding the investment by the trustee of the funds of the several trusts in any securities except the kind permitted for investment by savings banks.
*16 The special guardian has suggested the diversification of securities to be purchased, but this question is not before me in this proceeding.
The petition is denied and a decree in accordance with this decision may be submitted at 10 a.m. on September 18, 1956.
The allowances requested are granted with disbursements.