George Tilzer, J.
In this proceeding for the judicial settlement of the account of proceedings of the deceased trustee, the court is asked initially to construe the indenture of trust and to instruct the successor trustee as to its rights and duties in the administration of the trust.
The court adopts and approves the report of the guardian appointed herein. The court holds:
(1) That the trusts for the benefit of the secondary life beneficiaries are valid (Matter of Mount, 185 N. Y. 162, 165, 168-170);
(2) That the successor trustee is excluded (see, however, next subd.) from investing in nonlegals (Matter of Carnell, 260 App. Div. 287, 290, 292, affd. 284 N. Y. 624; Matter of Norton, 128 N. Y. S. 2d 288, 289);
(3) That the successor trustee, nevertheless, since the indenture is silent on this particular, is empowered to make investments permitted in such securities and in such amounts as are authorized by section 21 of the Personal Property Law (Matter of Wilson, 127 N. Y. S. 2d 876, 883);
(4) That the successor trustee may retain those securities in the portfolio built up by the grantor-trustee (Matter of Westerfield, 278 App. Div. 153, 156, affd. 303 N. Y. 916);
(5) That the successor trustee has the power to sell, exchange or pledge trust assets in administering the estate (Matter of Quinby, 134 Misc. 296, 301; Matter of Lowman, 92 N. Y. S. 2d 238, 241; 3 Bogert on Trusts and Trustees, § 741, p. 555, n. 12);
(6) That the successor trustee is authorized to vote securities of the trust estate either in person or by proxy (2 Scott on Trusts [2d ed.], §§ 193, 193.3); and
(7) That the successor trustee has the right to exercise or otherwise dispose of stock subscription rights and to invest proceeds on sale of rights in the event the life beneficiaries fail to exercise the rights granted them in connection therewith under the trust indenture.
The account as filed is settled and allowed.
Submit order on notice to the special guardian in accordance with the foregoing, at which time fees and allowances will be fixed.