Thomas A. Aurelio, J.
Petitioner moves for the judicial settlement of its intermediate accounts as successor trustee under declarations of trust made by William Ziegler in 1926 and 1928 *837 for the benefit of Barbara Ziegler and Elizabeth Virginia Ziegler Lucas (hereinafter referred to as “ Barbara ’ ’ and ‘ ‘ Elizabeth ”, respectively). By supplemental order to show cause, consolidated with this application, petitioner asks for the construction of the provisions of (a) paragraph “ D ” of the trust declaration made October 1, 1926, for the benefit of Barbara, (b) paragraph “ F ” of the trust declaration of June 4, 1928, for Barbara, (c) paragraph “ D ” of the trust declaration made October 1, 1926, for Elizabeth, and (d) paragraph “ F ” of the declaration of trust made June 4,1928, for Elizabeth. Petitioner seeks also a determination whether its investment powers and authority as trustee under a deed of trust made by Elizabeth on September 21, 1934, are the same as under paragraph “ F ” of the William Ziegler declaration of trust made on June 4, 1928, for the benefit of Elizabeth.
The pertinent investment provisions of the two 1926 trusts, created for the benefit of Barbara and Elizabeth, are both paragraphs “ D ” of the declarations of trust, both dated October 1, 1926, which read as follows: “ D. In the event that the said park avenue operating oompany, inc. shall be dissolved or reorganized so that there shall be substituted for said stock either moneys or some other security, I reserve to myself the right and also authorize and empower the succeeding Trustees hereof to reinvest said moneys in such form of securities as in my or their discretion will yield the largest income consistent with the safety of the principal or to continue to hold said substituted securities. I also reserve to myself the right and I authorize and empower the succeeding Trustees hereof to sell said stock or any substituted securities in my or their discretion and reinvest the proceeds thereof as hereinbefore provided.”
The pertinent investment provisions of the two 1928 trusts, created for the benefit of Barbara and Elizabeth, are both paragraphs “ F ” of the declarations of trust of June 4, 1928, and read as follows: “ F. In the event that the said The Park Avenue Operating Company, Inc. shall be dissolved, reorganized or shall change the type or character of its stock, so that there shall be substituted for said stock either money or some other security; or if I shall sell the stock of said Company, I reserve to myself the right and also authorize and empower the succeeding trustees hereof to invest the moneys received as the proceeds therefrom in such form of securities as in my or their discretion will yield the largest income consistent with the safety of the principal or to continue to hold said substituted securities. I also reserve to myself the right and I authorize and empower the succeeding Trustees hereof to sell *838 said stock or substitute or accept a substitution of other securities of the said Park Avenue Operating Company, Inc., or other companies, and to likewise sell or exchange any such substituted securities in my or their discretion and reinvest the proceeds thereof as hereinbefore provided.”
Paragraph 3 of the trust created September 21, 1934, by respondent Elizabeth Virginia Ziegler Lucas for her own benefit, provides with respect to the investment powers, as follows:
‘ ‘ 3. The trustee is authorized and empowered in its discretion, “ (A) To continue to hold for such period or periods as to the trustee may seem'wise as part of the principal of the trust estate the securities enumerated on Schedule A, hereto annexed, or any of them, and such additional securities as the Grantor and/or any other person may hereafter deposit with the Trustee, subject to the trusts hereby created, notwithstanding the fact that some of such securities may not be securities in which trustees are by law authorized to invest; ”.
This proceeding involves the proper construction of the investment powers intended to be conferred by the settlor by the 1926 and 1928 trusts upon himself as trustee and upon the successor trustee, as well as those of the settlor of the 1934 trust, by the investment power clauses as set forth in the trust deeds and as above.
Petitioner while admitting that its investment policies under the aforesaid provisions are not free from doubt, takes the position in respect of its investment powers that its policy has been based upon the assumption that the above-quoted investment provisions restrict it to investments in the kinds and classes of securities described in paragraphs (a) through (m) of subdivision 1 of section 21 of the Personal Property Law.
Respondent Elizabeth Virginia Ziegler Lucas, as contingent income beneficiary, under the trust for Barbara, and as income beneficiary under the 1934 trust, created for her own benefit, urges a construction which will not restrict such investments, but which will permit investments and reinvestments of the principal of said trusts in such securities and in such amounts as it may decide in the proper exercise of its discretion, bearing in mind the intent of the settlor of said trusts as the same may be found and adjudged by this court.
Respondent Melinda Pierson Bertram, daughter of Virginia, as the remainderman of the 1926 trust, created for the benefit of her mother, and as contingent remainderman of the 1926 trust for the benefit of Barbara, and as remainderman of the 1934 trust, joins with her mother on this construction issue.
*839 In 1926 the settlor William Ziegler in control of the management and affairs of Park Avenue Operating Co., Inc., through ownership of a majority of its voting common stock, directly or through a holding company, as part of an overall settlement of his marital difficulties, created the trust for the benefit of his daughters, then minors, by conveying to each trust 5,000 shares of $100 par value preferred stock of this corporation, the assets of which were comprised largely of the ownership of heavily mortgaged equities in New York real estate. In 1928 he added 5,000 similar preferred shares fo each of the trusts. No other preferred shares of this corporation were ever authorized or issued. Both the 1926 and the 1928 deeds of trust were in the nature of a gift in lieu of a later testamentary gift. These shares carried an 8% cumulative dividend rate upon which dividends were paid until 1931 and were also entitled upon liquidation to priority over common stock at $125 per share.
The language of the pertinent investment clauses of the 1926 and 1928 trusts, and the circumstances surrounding the execution of the trust instruments, clearly show an intention by the settlor to confer upon himself, as trustee, and upon the successor trustee, authority to invest in nonlegals. The settlor contributed to and authorized the retention of an extreme type of nonlegal investments as the corpus of said trusts. He further authorized himself or his successor trustees, in the event of a sale or disposition of the preferred stock of Park Avenue, to reinvest moneys in such form of securities as in his or their discretion would yield the largest income consistent with the safety of the principal. The authorization to reinvest in securities warrants the inference of authority to invest in securities of a type similar to those contributed to the trust corpus which was composed of nonlegals. Furthermore, such a directive is consistent with an intent not to restrict the trustee to legáis only, on which as attractive a return was not possible at the time of the creation of the trust. The use of the words yield the largest income consistent with the safety of the principal ” indicate a grant of discretion to the trustee as to investments and takes it out of the zone of strictly legal investments. A similar conclusion is likewise reached in connection with the 1934 deed of trust of Elizabeth Virginia Ziegler Lucas. That trust at its creation consisted of legáis and nonlegals and authorized their being held by the trustee or any of them and of such additional securities as any person might thereafter deposit with the trustee, notwithstanding the fact that such securities might not be securities in which *840 trustees are by law authorized to invest. In the light of the language of the trust agreements of 1926 and 1928, of which the settlor of the 1934 trust was a beneficiary, and the language of the trust instrument of 1934, the court is of the opinion that the settlor of the 1934 trust did not intend to nor did in fact restrict the trustee to legáis.
The provisions of paragraphs D of the 1926 trusts, paragraphs F of the 1928 trusts, as well as paragraph 3 of the 1934 trust, are construed to confer authority upon the trustee to invest in nonlegals.
The motion to settle the accounts is granted accordingly.
Settle order, at which time fees and disbursements will be fixed.