John C. Boylan, J.
In this proceeding, petitioner, executor of the deceased executor of the estate of Isabella Hughes, seeks to have a judicial settlement of said deceased fiduciary’s accounts. The petitioner is also administrator c. t. a. and corporate successor trustee of the Isabella Hughes’ estate. Application is also made to fix attorneys’ fees pursuant to section 231-a of the Surrogate’s Court Act.
In the accounting proceeding, the special guardian seeks a construction of the will to determine the extent of the authority of the corporate successor trustee to retain ineligible investments properly acquired by it from the testamentary trustee. Section Eighteen of the will conferred upon the testamentary trustee, William A. Kirk, “ during his lifetime * * * full power and authority to invest all or any part of the principal of each or any of the trusts heretofore established in any corporate stocks, corporate, municipal or governmental bonds * * * which he may deem advisable whether such securities be legal investments or not, but after the death of the said William A. Kirk, then none of the principal of said trusts shall ever be invested in any securities which are not legal investments for trustees within the State of New York.”
It is conceded by all the parties in interest that the broad investment powers given to the testamentary trustee do not inure or carry over to the successor trustee. However the attorney for the corporate fiduciary herein, asserts, that from a reading of section Eighteen of the will, it may be inferred that the testator conferred blanket authority on any successor trustee to retain such nonlegals. With this contention the court does not agree. Nowhere in the will can there be found any language which could be construed as a direction regarding the retention or sale of such securities by a successor trustee. Therefore, since the will gives no such direction, the corporate fiduciary is governed in this instance by subdivision 6 of section 21 of the Personal Property Law. Under said statute, a fiduciary such as the petitioner, may retain such ineligible or nonlegal securities provided it “ exercises due care and prudence in the disposition or retention of any such ineligible investment ” (Matter of Westerfield, 278 App. Div. 153, 156, affd. 303 N. Y. 916; Matter of Flagg, 275 App. Div. 848; Matter of Lawrance, *887 202 Misc. 1044, 1048; Matter of Coffin, 104 N. Y. S. 2d 432; Matter of Hall, 125 N. Y. S. 2d 347; Matter of Stieglitz, 12 Misc 2d 352).
Thus, the court will neither utter a fiat to the effect that the investments heretofore discussed, must be disposed of tout de suite, nor on the other hand grant the successor trustee authority carte blanche to retain them. Under the applicable statute afore-mentioned, and by the very nature of the business in which the corporate successor trustee is engaged, the duty to make prudent determinations relative to the disposition or retention of nonlegals, devolves upon said fiduciary and not the court.
The attorneys’ fees are fixed as follows:
(1) $3,000 plus $94.82 for disbursements to be paid to the estate of William A. Kirk for his legal services on behalf of the estate herein (Matter of Potts, 213 App. Div. 59, affd. 241 N. Y. 593).
(2) $16,000 to be paid to the attorneys for the petitioner herein for legal services rendered by them in the executor’s and trustee’s accountings.
Proceed accordingly.