Maximilian Moss, S.
The court is requested to construe article “ sixth ” of testatrix’ will in respect of the investment powers of the successor trustee. The relevant provision reads: “ sixth: * * * At the risk of my estate without responsibility to my Executor, he may sell or continue to hold any property in which at the time of my death any portion of my estate shall be invested although the same shall not be of the character authorized by the laws of the State of New York for trust investment and my trustee may continue to hold any such property and both my Executor and Trustee shall have full power and authority to dispose of, call in and change any and all investments and to invest and reinvest in any stocks, bonds and first mortgages on real property, which in their discretion may be deemed safe for the best interests of my estate.” (Emphasis supplied.)
Petitioners assume that the investment powers are not personal under the terms of the will, and the court so holds. Petitioners’ main concern is the requested authority for the *412 successor trustee to invest in its own investment fund known as “ The First Discretionary Common Trust Fund of Empire Trust Company It is clear that the trustee has power to hold nonlegal investments originally received by the estate from the decedent’s portfolio so long as it can be done with prudence. The question to be determined relates to reinvestment of trust funds. Does the inclusion in the quoted paragraph of the words “ stocks, bonds and first mortgages on real property ” indicate an intention on the part of testatrix to confine this trust to legal investments with authority to deviate therefrom only for the purchase of stocks and bonds if “ deemed safe for the best interests ’ ’ of the estate; or on the other hand, do the words used by testatrix indicate an intention to grant wide investment discretion in both legáis and nonlegals, the specification of the three classes of investment serving not to narrow the power of investment but only as an example of what such a wide grant of power would permit? Under the latter interpretation, for which petitioners contend, the successor trustee would have the authority by statute to invest in its own discretionary common trust fund (Banking Law, § 100-c, subd. 3). That section inter alia provides: “ A trust company maintaining a discretionary common trust fund may invest therein the moneys of any estate, trust or fund where the instrument or order of court under which such estate, trust or fund is held shall authorize the investment of moneys of said estate, trust or fund in any of the following: (a) in a discretionary common trust fund; (b) in such investments as the fiduciary thereof may select in the discretion of such fiduciary; (c) generally in investments other than those in which trustees are by law authorized to invest trust funds. * * * A trust company maintaining a discretionary common trust fund may invest the same in such investments as it may select in its discretion.”
Applying the language of the statute to the provisions of paragraph “ sixth ” of testatrix’ will in the light of judicial interpretation, the court can find no basis for the construction sought by petitioners. Of the three alternative prerequisite conditions to the exercise of the statutory authority given to a trust company to invest trust funds in its discretionary common trust fund, the one mentioned in paragraph (a) of subdivision 3 does not enter into consideration since the will does not specifically nor by necessary implication authorize such investment. Unless, therefore, the testamentary language in paragraph “sixth” may be interpreted as complying with the conditions contemplated in either paragraph (b) or paragraph (c) of subdivision 3, connoting ‘ ‘ freedom of choice, rather than restriction in *413 making investments ” (Matter of Backus, 175 Misc, 13, 21), no authority on the part of the successor trustee to invest in its common trust fund can be spelled out.
Petitioners contend that such interpretation and compliance is called for by the grant of discretionary authority ‘ ‘ to invest and reinvest in any stocks, bonds and first mortgages on real property, which in their discretion may be deemed safe for the best interests of my estate.” But if testatrix had intended to grant the trustees the wide powers of investment claimed by petitioners to invest in legáis or nonlegals generally in their discretion, she would not have used the specific words “ stocks, bonds and first mortgages on real property ” but instead words such as “securities”, “investments” or other like general terms (see Matter of Hoagland, 194 Misc. 803, affd. 272 App. Div. 1040, affd. 297 N. Y. 920; Matter of Peck, 198 Misc. 395; Matter of Taylor, 6 Misc 2d 60). The words used specifying the authorized types of investment in nonlegals are deemed words of limitation and not of amplification (cf. Matter of Friberg, 199 Misc. 593; Matter of Bry, 126 N. Y. S. 2d 682; Matter of Griggs, 116 N. Y. S. 2d 90). The applicable principles are succinctly set forth together with the supporting authorities in Matter of Jeffress (198 Misc. 249) where “ freedom of choice, rather than restriction in making investments ” was predicated upon factors not present in the case at bar, as is true also in Matter of Ziegler (16 Misc 2d 836); Matter of Hess (171 Misc. 690) and Platter of Backus (175 Misc. 13, supra). In the last case cited, dealing with a direction to the trustee 1 ‘ to keep the same invested as he may be advised 5 ’, the court distinguished the analogous case of Matter of Carnell (260 App. Div. 287, affd. 284 N. Y. 624) and emphasized that “ [i]n the instant will no such words of limitation appear ” (p. 21), which is the very distinction to be made here.
The court determines that the successor trustee has all of the investment powers set forth in the will but does not have the right, under section 100-c of the Banking Law, to invest the trust funds in its discretionary common trust fund. The will is so construed. _