In the Matter of the Estate of EDITH L. MALONEY, Deceased.

Surrogate's Court, New York County, March, 1923.

Trusts — language of will — permission to invest in other than legal securities.

A direction in a will that trust funds are " to be invested by my trustees in accordance with their best judgment and discretion " permits the investment of the trust funds in other than legal securities.

A valid trust for the benefit of the minor child of testatrix carries with it the right to pay the income, as it accrued, to the general guardian of the infant.

PROCEEDING to construe a will.

Seibert & Riggs (R. E. T. Riggs and Wm. H. Seibert, of counsel), for executors.

James T. Crane, for Clarence B. Maloney, general guardian.

Parker K. Deane, for Eleanor Wild Coleman and others.

Harry H. Van Aken, for Marjorie L. Ryan.

Carl Sherman, attorney-general.

FOLEY, S.   A construction of the will is requested as to whether its provisions permit the investment of the trust funds in other than legal securities. The language provides that the moneys are " to be invested by my said trustees in accordance with their best judgment and discretion." Decedent's property had been managed for a number of years prior to her death by her brother, whom she names as one of the executors and trustees. His management

apparently was satisfactory.   Language similar to that used by the testatrix has been construed to permit trustees to invest trust funds in other than legal securities.   It was so held in *Lawton* v. *Lawton*, 35 App. Div. 389, where the will read:   " I hereby direct my executors to hold in trust to and for the use and benefit of such child or children and to keep the same invested in such securities as to the said executors shall seem best."   Likewise in *Matter of McDowell*, 102 Misc. Rep. 275; affd., 193 App. Div. 914; affd., 230 N. Y. 601, the directions to the trustees were " that they hold, manage, invest and reinvest all of said trust property as they shall deem wise and judicious, for the best interests of the beneficiaries."   The rule for the guidance of the trustees in making investments is well stated in *Matter of Hall*, 164 N. Y. 196, 199: " The range of so-called ' legal securities ' for the investment of trust funds is so narrow in this state that a testator may well be disposed to grant to his executors or trustees greater liberty in placing the funds of the estate.   But such a discretion in the absence of words in the will giving greater authority should not be held to authorize investment of the fund in new speculative or hazardous ventures."   Of course the trustees here will be charged in their administration of this estate with the usual rule of vigilance, that is, " such diligence and prudence in the care and management as in general, prudent men of discretion and intelligence in such matters employ in their own like affairs."   *King* v. *Talbot*, 40 N. Y. 76, 85.

A construction is also asked as to whether paragraph 20 of the will has established a valid trust for the benefit of the child of the testatrix.   Under the language of the will there can be no doubt as to the creation of a trust for the daughter of the testatrix. This trust carries with it the right to pay the income, as it accrues, to the general guardian of the infant.

Submit decree accordingly.

Decreed accordingly.