In the Matter of the Estate of THEODORE K. WILMERDING, Deceased.

Surrogate's Court, Westchester County, May 23, 1929.

*Taylor, Blanc, Capron & Marsh*, for the petitioners.

*William M. Bennett*, special guardian.

SLATER, S. In this construction proceeding having to do with the 7th paragraph of the decedent's will, viz.: " I hereby authorize and empower my said Executor and such successor or successors, if he, they or it deem it advisable in order to carry out the trusts or provisions herein, to sell and convey any and all of my real estate in such manner as seems best for my estate, and to give good and sufficient deed or deeds therefor; to invest and re-invest the

funds of my estate; to change any investments that have been made, and to buy, sell and exchange such securities as in his discretion, or that of his successor or successors in the trusts herein, may seem for the best interests of my estate "— so far as it affects the powers of the executors or trustees to retain or purchase reinvestments, the court will hold that the testatrix conferred upon her trustees the right to hold the investments in the stocks owned by the decedent at his death. Also the right to change any investments in his discretion, or in the discretion of his successor trustee of the trust, for the best interest of the estate. The trustees' discretion should be guided in the matter of reinvestments of securities with reference to the type of investment found in the decedent's estate at the time he died. I mean by this, securities that are seasoned and have behind them an established dividend record over a period of years. The trustees will be charged in administration with the usual rule of vigilance, that is, such diligence and prudence in the care of the estate as in general prudent men of discretion employ in their own like affairs. (*Matter of Maloney*, 120 Misc. 456.)