LOUISE MCALLISTER JONGERS and Others, Plaintiffs, *v.* FIRST TRUST AND DEPOSIT COMPANY and Another, as Trustee, under a Trust Agreement Dated March 8, 1927, Made between LOUISE MCALLISTER JONGERS and Others, Defendants.

Supreme Court, Onondaga County, November 5, 1932.

*Coudert Brothers,* for the plaintiffs.

*Hiscock, Williams & Cowie,* for the defendant First Trust and Deposit Company.

SMITH, E. N., J.   The motion is for judgment on the pleadings under section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice.

Section 476 provides: " Judgment may be rendered by the court in favor of any party or parties, and against any party or parties, at any stage of an action or appeal, if warranted by the pleadings or the admissions of a party or parties; and a judgment may be rendered by the court as to a part of a cause of action and the action proceed as to the remaining issues, as justice may require."

Rule 112 provides: " If either party be entitled to judgment on the pleadings, the court may, on motion, give judgment accordingly, and without regard to which party makes the motion."

As distinguished from rule 113, which provides for summary judgment on plaintiff's motion, and, excepting to the limited extent allowed by the amendment of March 14, 1932, is not available in equity causes, rule 112, read in connection with section 476 of the Civil Practice Act, authorizes judgment in favor of either party on the pleadings without regard to which party makes the motion and the determination of the questions involved as justice may require.

The provisions of section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice are not mandatory but are addressed to the discretion of the court. Under this rule nothing but the pleadings may be considered.

On or about the 8th day of March, 1927, the plaintiff Louise McAllister Jongers, as settlor, made a trust agreement with the City Bank Trust Company of Syracuse, N. Y., and Thomas A. Dent, Jr., of the same place, as trustees, whereby she set over to the said trustees and their successors the sum of $350,000 in cash, which became the trust estate.   The purpose of the trust was to

provide an income for the settlor during her life, and, after the settlor's death, for her daughter, the plaintiff Louise McAllister Dent; it provided that the trustees were to hold and invest such trust estate, receive the income therefrom and apply such income quarterly to the use of Louise McAllister Jongers during her life, and upon her death to the use of her daughter, Louise McAllister Dent, during her life; and upon the death of said settlor or in the event of the death of said Louise McAllister Dent prior to the death of said settlor, the corpus of the trust was vested in the descendants of said Louise McAllister Dent *per stirpes* and not *per capita*. In the event of no descendants of Louise McAllister Dent her surviving, the trust estate vests in Thomas A. Dent, Jr., the husband of said Louise McAllister Dent.

The trust is irrevocable. The agreement gives the trustees " full power and authority, in their absolute and uncontrolled discretion, to hold and invest any of the money and property coming into their hands hereunder in real estate, mortgages, bonds, stock or other securities as may seem to them desirable and wise, although it may be of the character of investments permitted by law to Trustees. They shall have full power and authority, *in their absolute and uncontrolled discretion*, to improve, sell, lease, mortgage or exchange the whole or any part of such property  *  *  *   upon such terms and conditions as may to them seem advisable  *  *  *   and to invest and reinvest any of the trust funds held hereunder in such amounts as they may see fit, in such property, real or personal, *as they may in their absolute and uncontrolled discretion deem advisable*, although the same may not be of the character permitted by law for Trustee's investments."

The trustees were not required to give any bond or security.

On or about the 3d of May, 1927, the trustees named in the instrument loaned to the defendant Thomas A. Dent, Jr. (one of the trustees) individually, at his request, the sum of $100,000 from the trust fund, taking his personal promissory note for that amount, secured by certain collateral. On the 1st day of July, 1931, he defaulted in the payment of interest upon the said note. The complaint alleges that the trust fund now stands depleted to the extent of $100,000 or more, and that the plaintiffs have demanded of the trustees that they make good the loss of income caused by the non-payment of interest since July 1, 1931, and the principal of the trust fund to the extent of $100,000; and asks judgment that the trustees be removed and the court appoint some competent or responsible person or corporation to execute the trust, and further that the trustees account for and be required to make good all losses of principal and interest suffered by the said trust fund by

reason of the acts of the trustees in making said loan of $100,000 to said Thomas A. Dent, Jr.

While it is true that no stronger language could be drawn to give the trustees absolute freedom of action in the making of investments of the trust fund, and that any sort of investments could be made by them in the exercise of their sound discretion, and that if a mere error of judgment were made under the terms of the trust they could not be held liable for any losses which might ensue, nevertheless the act of the trustees in making this loan to one of the trustees constituted, in my opinion, a violation of the terms of the trust agreement and of the whole spirit thereof. There is no occasion to cite authority for the equitable doctrine that a trustee cannot advantage himself to the extent of one iota from the funds of a trust estate, excepting to the extent of compensation for services rendered, as provided by the instrument or by law.

The *trustees* were given " full power and authority in *their* absolute and uncontrolled discretion to hold and to invest the money and property coming into their hands " in such securities " as may seem to *them* desirable and wise." *They* accepted the trust and agreed to carry out faithfully the provisions thereof; the agreement expressly provided that " *they* shall not be held liable or accountable for any error of judgment."

The whole purpose was that investments should be made upon the combined and concurring judgments of the trustees. This involved the exercise of judgment actuated or affected by no other influence than their unbiased and combined and concurring judgments. The judgment of one of the trustees who received the benefit of the loan of $100,000 was affected by a personal interest and was not the " absolute and uncontrolled discretion " which the settlor of the trust provided for.

If the motion were only for judgment taking the note of Thomas A. Dent, Jr., from the securities and the restoration to the trust fund of $100,000, the amount of the note, the motion should in my opinion be granted, irrespective of any question as to the integrity of the loan itself. The act of the City Bank Trust Company and Thomas A. Dent, Jr., constituted a violation of their obligations as trustees.

By proceedings under the Banking Law of the State of New York, the City Bank Trust Company was, on or about December 5, 1929, merged in the defendant First Trust and Deposit Company, which, by virtue of such merger, succeeded to all of the property, assets, liabilities and obligations of the City Bank Trust Company.

Section 494, subdivision 2, of the Banking Law of the State of New York provides that: " Its [the merged corporation's] rights,

obligations and relations to any person, creditor, depositor, trustee or beneficiary of any trust, shall remain unimpaired, and the corporation into which it shall have been merged shall by such merger succeed to all such relations, obligations, trusts and liabilities, and shall execute and perform all such trusts, in the same manner as though it had itself assumed the relation or trust, or incurred the obligation or liability; and its liabilities and obligations to creditors existing for any cause whatsoever shall not be impaired by such merger."

Under this provision the liabilities of the City Bank Trust Company in respect to this trust became the liabilities of the First Trust and Deposit Company to the same extent as the City Bank Trust Company was liable. So that the relationship of the First Trust and Deposit Company as successor trustee from a legal standpoint became that of the City Bank Trust Company. It, however, did not make the loan and is not subject to a charge of violation of the trust from a moral or equitable standpoint. Its liability arises by force of the statute and not otherwise, and as cotrustee it stands in reference to the integrity of the trust fund in no different or other relationship than the City Bank Trust Company would stand had it not been merged in the First Trust and Deposit Company.

Were the First Trust and Deposit Company the sole trustee and, therefore, solely liable by reason of the statutory provision for the breach of trust above indicated, and were there not other equitable considerations implicit herein, there would be no hesitancy in granting the motion for summary judgment, drastic though such a remedy may be; but in this case, while the motion is directed only against the First Trust and Deposit Company, the liability as to the Dent loan is primarily upon Thomas A. Dent, Jr., who should be called upon to make repayment of the loan to himself, made by himself and the City Bank Trust Company as trustees out of the trust estate. There is nothing before the court to indicate whether the Dent note with its collateral is valueless, excepting the default in the payment of interest. While this fact in no wise affects or relieves the successor trustee First Trust and Deposit Company from its ultimate liability arising by reason of the statute, nevertheless, on account of the peculiar situation, there do arise a number of questions which must be determined along equitable lines in any judgment to be entered herein.

Thomas A. Dent, Jr., is the son-in-law of the settlor of the trust, Louise McAllister Jongers, who is entitled to the income of the trust for life; he is the husband of Louise McAllister Dent, a daughter of the settlor of the trust, who is entitled to the income for life after the death of her mother, the settlor of the trust. Thomas Ashley

Dent, 3d, and Louise Ashley Dent are infant children of said Louise McAllister Dent and said Thomas A. Dent, Jr.

On the 27th day of April, 1928, Mrs. Jongers, the settlor of the trust, addressed a communication to the trustees as follows: " I hereby approve, authorize and instruct you, as trustees under said Agreement [the trust agreement], to loan to Thomas A. Dent, Jr., out of the funds held by you in trust, the sum of $100,000 upon delivery to you, of his collateral note for this amount with interest at 6%, to be secured," etc. By this writing the settlor of the trust conferred no power upon the trustees, and through it the trustees gained no immunity from liability so far as the capital of the loan is concerned. The trust was irrevocable. The very essence of an irrevocable trust is that the settlor of it loses all control over the administration of it and all interest in the capital of it. She had no power to compel the trustees to make the loan to a cotrustee; no power was reserved in the trust instrument. Her attempt to exercise such a power was futile so far as the corpus of the estate was concerned.

I have said that there were certain questions implicit in this situation; they are as follows:

(1) When, as I believe there will be, there is a decision herein directing the trustees to take this Dent note out of the trust estate and replace it with cash or other securities, if it should appear that Mr. Dent cannot pay and the First Trust and Deposit Company, because of its statutory liability, makes good the trust estate to the extent of the amount of this note, what becomes of the note and the collateral? Does it remain in the estate, or does it become the property of the First Trust and Deposit Company? The court is not advised and here expresses no opinion on this subject.

(2) The complaint asks for the removal of the trustees, but the motion is directed " solely against the defendant First Trust and Deposit Company, the cotrustee under the trust agreement alleged in the complaint." The effect of the granting of this motion would be to leave Thomas A. Dent, Jr., as the sole trustee. The trust agreement, at paragraph eighth, provides: " If either of said Trustees shall resign or die, before the termination of the Trust Estate, the remaining Trustee shall have, and is hereby given, the power and authority to nominate and appoint a new Trustee as successor to the Trustee so resigning or dying, by an instrument in writing, duly signed and executed by such remaining or surviving Trustee, and annexed hereto; and thereupon, such new Trustee shall be vested with all the powers and duties granted to and imposed upon the Trustee herein named, including the power of appointing a successor Trustee." In other words, the effect of the granting of this motion

in this respect (at least temporarily and at the will of the plaintiffs) would be to leave in charge of this estate the trustee who had so violated his duties as such as to borrow $100,000 from the trust estate for his own purposes, and to remove a trustee which is entirely innocent of any wrong in connection with the loan to Mr. Dent by its predecessor and Mr. Dent himself. The supervision of trust estates is in the control of the court on its equity side. (*Husted* v. *Thomson*, 158 N. Y. 328.) No court of equity should be called upon to or would leave this trust estate and the rights of the infants subject to such a hazard as would be involved in the granting of the motion in this respect.

(3) While the settlor of the trust, as such, had no power to author-ize or direct the making of the Dent loan, what of the effect of the instrument of April 27, 1928, signed by her, in respect of her interest in the income from the estate? A *cestui que trust* may waive his rights in respect of his individual interest in the trust. In *Vohmann* v. *Michel* (185 N. Y. 420) it was said: " Where the *cestui que trust* has assented to or concurred in the breach of trust, or has subse-quently acquiesced in it, he cannot afterwards proceed against those who would otherwise be liable therefor."

What, then, becomes of the income in respect of the $100,000 loaned to Thomas A. Dent, Jr., during the life of his mother-in-law? Having acquiesced in this loan, can she, in the event that there is no realization upon the Dent note, claim during her life the interest or income on this $100,000, or may it be used to reduce the loss sus-tained by the First Trust and Deposit Company by reason of its incurring a purely legal liability? No matter what the settlor of the trust did, or what any full-aged party hereto did, or what the trustees did, no one could waive the rights of the infants, the ultimate beneficiaries of this trust; they are entitled to the full protection of this court in the enforcement of the terms of this trust agreement and in the preservation for their benefit of the integrity of the trust estate. Neither their grandmother, their father, nor their mother, singly or all together, can under any circumstances fritter away or weaken their ultimate estate by any consent or waiver.

(4) As to the part of the motion which seeks the removal of the successor trustee, I have heretofore indicated some of the difficulties inherent in the granting of a summary judgment; but, aside from that, the removal of a successor trustee should be predicated not upon what its predecessor did but upon its own conduct in the administration of the trust after it became successor trustee. If it shall be established, as I think it must be, that the successor trustee is liable to replace this Dent note of $100,000 with cash or other securities, then what it did in reference to the collateral put up by

Dent to his note becomes immaterial; upon the restoration of this sum it will have performed its legal obligation. What it did in reference to the exchange of collateral may or may not have been proper, according to the facts as they be made to appear. If the loan originally was lawful upon the collateral presented, no doubt it would have power to make such dispositions in respect of the collateral as conditions and circumstances required, provided there was exercise of good faith. The difficulty is that the loan itself, made by its predecessor trustee, in my opinion constituted a violation of the trust, and what was done afterwards became rather immaterial; excepting possibly as bearing upon the attitude of the trustee itself, and that is so intimately related to facts and circumstances which may be shown upon the trial that no summary judgment in this respect should be granted upon this motion.

I have suggested some of the questions which must ultimately be determined, and they are all so intimately related to this loan to Thomas A. Dent, Jr., that I do not think that any partial judgment can or in equity should be granted summarily herein. There is no question as to the financial integrity of the successor trustee. While I have indicated the view of its liability with its cotrustee on account of this Dent loan, there are so many questions here involved and so inextricably related to each other that the court should not exercise a discretionary power or any power until all the facts are before it, to the end that full justice may be done as the circumstances may require; moreover, some of the questions which are implicit in this situation have not even been discussed by counsel; the court should not be called upon to formulate an interlocutory decree or to pass upon the important questions here involved until the views of counsel on all the questions are presented to it for consideration. It may then be able to make a decree affording a complete remedy as the principles of law, doctrines of equity and the facts require.

The motion for judgment on the pleadings is, therefore, denied.