In the Matter of the Estate of JOHN R. CARNELL, Deceased.

Surrogate's Court. Albany County, May 14, 1940.

*Whalen, McNamee, Creble & Nichols*, for the National Commercial Bank and Trust Company of Albany, as trustee, etc., petitioner.

*Ralph E. Rogers* for Hope Carnell, John R. Carnell, Jr., Prentiss Carnell, Prentiss Carnell, Jr., E. Bradley Carnell and John R. Carnell, III, respondents.

*Martin Schenck,* special guardian for Prentiss Carnell, 3rd, Kimmey Carnell, Ethel Bradley Carnell, Andrew Newbury Carnell and Linda Hitchcock Carnell.

ROGAN, S.    The testator, a resident of the city of Albany, N. Y., died on September 29, 1920, leaving a will which was admitted to probate on October 11, 1920.

Pursuant to a decree of this court entered on June 8, 1921, the trusts created under paragraphs " Sixth," " Seventh," and " Eighth" of decedent's will were set up and established, the trustees having under the terms of said will selected and received from the executors from among the assets owned by the decedent at the time of his death, sufficient securities to form the corpus of each trust.

The funds of the three trusts have been invested and reinvested from time to time in various securities, including corporate stocks, both preferred and common, so that at the present time the corpus of each trust has within its structure various securities not declared by statute to be legal investments for trust funds, or investments secured by a pledge or lien upon tangible property.

While the capital value of each of the trusts has increased considerably from the time of its inception, and although none of the interested parties to this proceeding has raised any objections to the nature of the trust investments or to the acts of the trustees since the establishment of said trusts, a question has arisen which makes necessary a construction of paragraph " Twelfth " of said will, to determine whether the securities enumerated in paragraph " Sixth " of the petition herein may properly be held.   Paragraph " Twelfth " of the will reads as follows:

" The trustees of the special trusts herein and hereby created are hereby given and vested with the following rights, powers and duties:

" They may and shall, in the exercise of their sound judgment and discretion, change the nature of the investments originally selected by them to constitute the principal of said trust funds, and may, for that purpose, and from time to time, sell and dispose of the same, replacing them with other securities purchased in the exercise of their good judgment and discretion.   All such securities, however, composing the principal of any such trust, to be always *well selected, and well secured securities,* as distinguished from speculative securities or investments.

" They shall care for, manage and protect the said trusts to the best of their ability, and in the exercise of their sound and conserva-

tive judgment and discretion, but for any error of judgment or for any extraordinary or unforeseen depreciation of securities, they shall not be liable, provided they may have used ordinary care and diligence.

" The said trustees of the special trusts are hereby authorized and empowered to spend all reasonable and necessary sums in the discharge of their duties as such trustees, and to retain semi-annually commissions allowed to trustees by law upon paying over the net interest, income and profits of the said trusts semi-annually, as hereinbefore provided for.

" The said trustees are hereby expressly authorized and advised to retain as part or portion of the said trusts, or any of them, such city bonds of cities of the State of New York, or corporate stock of the cities of the said State, as may be possessed by me at the time of my death." (Italics supplied.)

In the absence of expressed contrary authorization in a will it is the duty of testamentary trustees to invest estate funds in securities authorized for investments by the law of this State. (Dec. Est. Law, § 111; Pers. Prop. Law, § 21.) It is part of the public policy of the State to limit the class of investments of trust funds by statute. (*Costello* v. *Costello,* 209 N. Y. 252, 261; *Delafield* v. *Barret,* 270 id. 43, 48.) As a testator designates his trustee and has power to give the trustee absolute and unlimited discretion in investments, if he does not use it and says nothing, either expressly or by implication, about the trustee's illimitable and unbounded right to invest, the law limits the trustee to what are designated as legal investments. (*Matter of Doelger,* 254 App. Div. 178; affd., 279 N. Y. 646.)

In the instant will, the testator, in my opinion, expressly limited his trustees to investment in that type of securities which strictly fall within the scope of investments required by section 111 of the Decedent Estate Law, and section 21 of the Personal Property Law. By the language he employed testator clearly intended that only securities within the narrow class or type that are " well secured " should compose the principal of any such trust, and that term cannot be construed as having been used by the testator in the sense of importing the inclusion of stocks, common or preferred, as those securities cannot be regarded as secured in the sense of having back of them something by way of pledge of, or lien upon tangible property, real or personal. Nor can a testamentary trustee be authorized by the surrogate to invest in shares of corporate common stock where specified power to do so is not given in the will. (*Matter of Muller,* 155 Misc. 748.)

The court is, therefore, in agreement with the construction proposed by the attorneys for the petitioner-trustee, to the effect that the trustees are required to confine their investments to that class of securities authorized by law, and that the so-called " non-legal " securities which have been purchased by the trustees and are now a part of the three trusts be sold and the proceeds invested according to the terms of the will herein construed. A decree may be entered accordingly.