In the Matter of the Construction of the Will of CAROLYN P. JEFFRESS, Deceased.

Surrogate's Court, Monroe County, May 4, 1950.

*John G. Shaw* and *Donald R. Harter* for J. Craig Powers, as trustee under the will of Carolyn P. Jeffress, deceased, petitioner.

*Edward M. Ogden,* special guardian for Jane Gouverneur and others, infants, respondents.

WITMER, S. The petitioning trustee seeks a construction of testatrix' will to determine whether or not power is granted therein to the trustees to invest trust funds in "nonlegal" investments. Testatrix appointed her husband, Thornton Jeffress, and her brother-in-law, J. Craig Powers, the petitioner, as executors and trustees, and granted to them "full power and authority to sell, invest and re-invest my property in such securities as to them seems advisable." Testatrix' estate was in excess of $250,000, and the bulk of it was invested in so-called "nonlegals". Although this is not an accounting proceeding and the trust investments are not revealed, the court is advised that most of testatrix' "nonlegal" investments have been continued by the trustees to this time.

Testatrix gave practically her entire estate in trust, two thirds of the income thereof to be paid to her husband and the remaining income to be paid to her daughter, with the provision that if the income were not sufficient for the daughter, the trustees might invade the corpus. Upon the husband's death all the income is to be paid to the daughter, and upon the latter's death the principal is to be distributed to her issue, but if she die without issue the principal is to be distributed to testatrix' brothers and sisters or the issue of deceased brothers and sisters.

Testatrix' husband and daughter are living, and the daughter has three children.

A trustee has no right to invest trust funds in " nonlegals " unless the testator expressly authorizes it (*King* v. *Talbot*, 40 N. Y. 76; *Matter of Doelger*, 254 App. Div, 178, 183, affd. 279 N. Y, 646), but, as in nearly all cases of will construction, the intention of the testator controls. Where the testator grants to his trustee a discretion in the selection of investments, but limits the choice to " well selected, and well secured securities ", it has been held that the testator has not sufficiently indicated an intention to authorize investment in " nonlegal " securities. (*Matter of Carnell*, 174 Misc. 127, affd. 260 App. Div. 287, affd. 284 N. Y. 624; *Matter of Gillies*, 69 N. Y. S. 2d 803.) On the other hand, where a testator grants an authority to invest in securities which " seem best " to the trustee, or words of like import, such language has generally been held to authorize investment in securities not on the so-called " legal " list. (*Matter of McDowell*, 102 Misc. 275, mod. 193 App. Div. 914, mod. 230 N. Y. 601; *Lawton* v. *Lawton*, 35 App. Div. 389; *Matter of Maloney*, 120 Misc. 456, FOLEY, S.; *Matter of Wilmerding*, 135 Misc. 674, SLATER, S.; *Matter of Clark*, 165 Misc. 801, 804, WINGATE, S.; *Matter of Wilkes*, 172 Misc. 623, 625, DELEHANTY, S.; *Matter of Backus*, 175 Misc. 13, 18, CRIBB, S.; *Guaranty Trust Co. of N. Y.* v. *Leach*, 168 Misc. 526, 529.) Such words connote " freedom of choice, rather than restriction, in making investments " (*Matter of Backus, supra*, p. 21), as distinguished from the language used in *Matter of Carnell* (260 App. Div. 287, 291, *supra*). This interpretation is particularly applicable in the present case where in her lifetime testatrix had most of her estate invested in " nonlegals ". (*Matter of McDowell*, 102 Misc. 275, 292, mod. 193 App. Div. 914, mod. 230 N. Y. 601, *supra*; *Matter of Backus, supra*, p. 22; *Duncklee* v. *Butler*, 30 Misc. 58, 60.) Moreover, it is apparent from the instant will that testatrix was primarily interested in her husband and daughter, and wanted a good income yield for their benefit. At the time the will was drawn her daughter had no children, and testatrix did not know the probable remaindermen, and hence was unable to specify their names, except to refer to them as " issue ", and in default of any, to testatrix' brothers and sisters (unnamed) or their issue.

The trustees, therefore, have the authority to retain testatrix' securities and to invest any funds of the trust in so-called " nonlegal " securities. This does not, of course, authorize them to use any less care and caution in the selection of investments, but

merely gives them a broader investment field. They are chargeable with the usual rule of vigilance, that is, " such diligence and such prudence in the care and management, as in general, prudent men of discretion and intelligence in such matters, employ in their own like affairs." (*King* v. *Talbot,* 40 N. Y. 76, 85–86, *supra; Matter of Maloney,* 120 Misc. 456, *supra; Matter of Wilmerding,* 135 Misc. 674, *supra.*)

The court accepts the recommendation of the special guardian that the trustees be required to proceed forthwith to render an account to date.

Submit decree accordingly.