S. Samuel Di Falco, S.
In this final accounting of the executors, they request a construction of the will insofar as the investment powers are concerned. After making some small legacies, *642 testatrix created a trust of her residuary estate for the benefit of a nephew for life. Upon the latter’s death, the remainder is divided among three charitable organizations. The nephew and a trust company were appointed executors and the trust company was nominated as trustee.
In paragraph TENTH of her will, testatrix enumerated the powers of her executors and trustee. The opening clause thereof reads as follows: “ I hereby give my said Executors and Trustee, and any Successor thereto, full power and authority to manage, control, invest and dispose of my entire estate, real and personal, in any manner which they may deem to be for the best interests of my estate and those interested therein”. Testatrix also authorized her fiduciaries 11 to retain, without liability and loss or depreciation in value, any investments or real estate, belonging’ to me at the time of my decease ’ ’. According to the account, the bulk of decedent’s assets was in common stocks. Securities including the common stocks have been delivered by the executors to the trustee.
The petitioners contend that the language in the will giving the fiduciaries authority and power to invest fl in any manner which they may deem ” best, permits investments in securities other than those allowed in section 21 of the Personal Property Law. One of the charitable remaindermen has appeared but takes no position on the construction question.
The use of the words ‘1 which they may deem to be for the best interests ” is considered to express ‘ • freedom of choice, rather than restriction, in making investments (Matter of Backus, 175 Misc. 13; Matter of Jeffress, 198 Misc. 249.) The court accordingly holds that the fiduciaries are not limited to those investments set forth in section 21 of the Personal Property Law. (Matter of Jeffress, supra; Matter of Wilkes, 172 Misc. 623; Matter of Fay, 155 N. Y. S. 2d 789; Matter of Travis, N. Y. L. J., April 14, 1943, p. 1457, col. 4.)
Submit decree on notice construing the will and settling the account accordingly,