S. Samuel Di Falco, S.
In connection with the final accounting of the temporary administrators and executors, they request a construction of certain paragraphs of testator’s will. In subdivision (d) of paragraph Ninth testator created a .trust of two sixths of his residuary estate and directed that the income therefrom not to exceed $5,000 annually be paid to Irene S. Differ. Upon her death the corpus is given to the ‘ ‘ Seeing Eye of Morris-town, New Jersey.5’ The fiduciaries state that the income has exceeded $5,000 per year and an accumulation thereof has *8 resulted. They request a determination as to who is entitled to the excess income. As the testator made no disposition of this excess income, it is payable to the person entitled to the next eventual estate, that is, The Seeing Eye, Inc. (Real Property Law, § 63; Matter of Spenadel, 11 Misc 2d 977; Matter of Childs, 207 Misc. 1126).
Testator’s will is dated October 29,1951 which was subsequent to the amendment of section 21 of the Personal Property Law liberalizing investments by trustees. Testator directed his fiduciaries “ to act in accordance with the Prudent Man Doctrine.” He authorized his executors to retain securities owned by him at the time of his death ‘ ‘ although such securities may not be of the character authorized by law for investment by executors and trustees.” He directed his executors and trustees insofar as possible to make distribution in kind ‘ ‘ by delivery to the legatees under this Will in payment of their respective pecuniary legacies, stocks, bonds and other securities which I own at the time of my death at their market or actual value at the time of distribution.” Under all the circumstances, it appears clear that testator wished to grant broad powers of investment to his executors and trustees. The language used permits the fiduciaries to depart from the class of statutory investments. “ This does not, of course, authorize them to use any less care and caution in the selection of investments, but merely gives them a broader investment field. They are chargeable with the usual rule of vigilance, that is,‘ such diligence and such prudence in the care and management, as in general, prudent men of discretion and intelligence in such matters, employ in their own like affairs.’ (King v. Talbot, 40 N. Y. 76, 85-86; Matter of Maloney, 120 Misc. 456; Matter of Wilmerding, 135 Misc. 674).’’ (Matter of Jeffress, 198 Misc. 249, 250.) They “ are charged with the duty of making such investments as a prudent man would make of his own property having primarily in view the preservation of the estate and the amount and regularity of the income to be derived and are not limited to those investments set forth in Personal Property Law, § 21 [citing eases].” (Matter of Fay, 155 N. Y. S. 2d 789, 791.) The compensation of the attorney for the accountants is allowed in the amount requested.
Submit decree on notice construing the will and settling the account accordingly.