Frank J. Kronenberg, J.
The judgment of the Niagara Falls City Court is affirmed.
This case, involving $40, presented to the trial court the question (which, as noted in Langlois v. Langlois, 5 A D 2d 75, has “ little rational basis ”) whether a settlement of a claim was an executory accord or a novation.
Plaintiff was dissatisfied with repair work done by defendant on plaintiff’s automobile. He asked defendant to refund $50 of the $80 which had been paid for the work. Defendant said $50 *653 was too much, that a refund of $30 would be about right. Plaintiff then offered to split the difference and “settle for $40.” Defendant replied, “ O. K. I will go along with you.” He failed to pay the $40 and plaintiff sued for that amount. The City Court awarded judgment to plaintiff.
Since the settlement agreement was oral, section 33-a of the Personal Property Law makes it invalid if it was an executory accord. If, however, it was a novation instead of an executory accord, the settlement was enforcible even though oral.
Thus the trial court had to determine whether the parties intended the settlement to be an agreement that payment of $40 would be accepted as future satisfaction of the old obligation (an executory accord), or intended to extinguish the old obligation and substitute therefor the new promise to pay (a novation),
“ The persistent principle to be applied is that a determination of the intention of the parties, as objectively manifested.” (Goldbard v. Empire State Ins. Co., 5 A D 2d 230; see, also, Blair & Co. v. Otto, 5 A D 2d 276.)
The parties to this informal compromise would no doubt be startled to learn that they intended either an executory accord or a novation. Nevertheless the trial court had to determine which nonexistent intention should be imputed to them, and such issue is one of fact. (Goldbard case, supra.)
It matters not that another court might have thought this transaction similar to the one in Block v. Breindel (5 A D 2d 1007) where the settlement was denominated an executory accord. The Niagara Falls City Court had the advantage of hearing and seeing the witnesses and concluded as a determination of fact that their conversation and the surrounding circumstances showed a novation. The County Court finds insufficient evidence to overturn that determination.