Joseph A. Cox, S.
The trustee in this proceeding to settle his account has requested the court to determine the meaning and effect of article Eighth of the decedent’s will. The article in question deals with the investment powers of the trustees and *41 the pertinent portion of the text as to which the construction is sought reads as follows: ‘ ‘ Eighth : I hereby authorize and empower my Trustees and the survivor of them and their successors to retain such of my investments as they may deem proper and to invest and reinvest any property held by them under the trust created by this my Will, in such investments as they may deem wise; * * * ”.
Specifically, the trustee asks whether the language used by the testatrix is broad enough in scope to permit the trustees to invest in so-called ‘ ‘ non legal ’ ’ securities beyond the scope of those authorized by section 21 of the Personal Property Law. The court is of the opinion that the authority granted to the trustees authorizes them to make investments in securities not on the so-called “ legal ” list. (Matter of Wilkes, 172 Misc. 623; Matter of Backus, 175 Misc. 13; Matter of Jeffress, 198 Misc. 249.) Words similar to those used by the testatrix herein have been interpreted to mean that the trustees have a freedom of choice in the making of investments and serve as an enlargement of their powers rather than as a restriction of such powers. (Matter of Backus, supra; Matter of Jeffress, supra; Matter of Voeth, 11 Misc 2d 641.) The court rules therefore that the trustees have the authority to invest the trust funds in so-called ‘ ‘ non legal ’ ’ securities. This, however, does not authorize them to use any less care and caution in the selection of investments but merely gives them a broader field for the investment of the trust funds. The said trustees are still charged with the rule of vigilance expressed in the opening paragraph of section 21 of the Personal Property Law which states that fiduciaries may invest in the kinds and classes of securities described in the subdivisions of the section provided ‘1 that investment is made only in such securities as would be acquired by prudent men of discretion and intelligence in such matters who are seeking a reasonable income and the preservation of their capital.” (King v. Talbot, 40 N. Y. 76; Matter of Wildmerding, 135 Misc. 674.)