S. Samuel Di Falco, S.
In this accounting proceeding instructions are requested of the court as to the investment power of the trustee and the successor corporate fiduciary-appointed herein. The testator’s will states: “in general, I give and grant unto the said trustees as full and complete power and authority over the said Trust Estate and each and every part thereof as I, myself, might, could or would have, if living, or as individuals owning similar properties or securities in their own right, might, could or would have or exercise.” Words of similar import have been interpreted to mean that the trustees have a freedom of choice in making investments and the trustees may invest in securities not on the so-called “ legal ” list. The court rules therefore that the trustee under this will was authorized to invest in ‘ ‘ non-legals ’ ’ and such authorization extends also as provided in this will to “ a trust company in New York City * * * selected by the beneficiaries to act in said trust capacity.” The admonition by my learned colleague Surrogate Cox in Matter of Das (24 Misc 2d 40, 41) is applicable here: “ This, however, does not authorize them to use any less care and caution in the selection of investments but merely gives them a broader field for the investment of trust funds. The said trustees are still charged with the rule of vigilance expressed in the opening paragraph of section 21 of the Personal Property Law which states that fiduciaries may invest in the kinds and classes of securities described in the subdivisions of the section provided ‘ that investment is made only in such securities as would be acquired by prudent men of discretion and intelligence in such matters who are seeking a reasonable income and the preservation of their capital. ’ (King v. Talbot, 40 N. Y. 76; Matter of Wilmerding, 135 Misc. 674.) ”
The court is also asked whether the trustee may enter into a plan of reorganization with respect to certain holdings of the decedent. The will clearly authorizes the consent of the fiduciary to such a plan. Paragraph Fourteenth says: “ and are authorized to unite with other owners of securities similar to any so held by them in carrying out anv plan for the reorganization *519 of any corporation whose securities may form a portion of the said estate.” This express direction coupled with the general power heretofore set forth to deal with the trust estate or any part thereof as “ I, myself, might, could or would have if living or as individuals owning similar properties or securities in their own right, might, could or would have, or exercise” is sufficient sanction for entering into the proposed plan of reorganization.
The securities listed in the supplemental affidavit of Robert Cipes, Esq., dated May 17,1961 are deemed worthless and may be abandoned. Attorney’s fee and other allowances fixed and approved in the amounts requested.