Joseph A. Cox, S.
In this proceeding the court is requested to construe article Eighth of decedent’s will reading as follows: ‘‘1 hereby authorize my Trustee, hereinafter named, in case, by the terms of this my will, the trust or trusts may be created, to retain in the principal of such trust or trusts the same form of securities and investments as may constitute my estate at the time of my death. As of the date hereof, I should prefer that the trust principal remain in equities owned by me and which I have attempted to carefully select, rather than legal investments, particularly of long term maturity, as fixed by the laws of the State of New York, but that preference on my part is precatory, not mandatory, and the form of the principal investments shall be determined and fixed by the exercise of sound judgment on the part of my Trustees, the same to be controlled by conditions developing and existing during the existence of either or both trusts.”
Instructions are asked regarding the investment powers of the trustees, and whether the powers granted by the testator are sufficiently broad to permit investment in so-called 1 ‘ non-legals ” beyond the .scope of those authorized by section 21 of the Personal Property Law. The court in reading this will finds an intent on the part of the testator to authorize the trustees to invest in securities not on the so-called “ legal ’ ’ list. (Matter of Wilkes, 172 Misc. 623; Matter of Backus, 175 Misc. 13; Matter of Jeffress, 198 Misc. 249.) Language of similar import has been interpreted as enlarging the trustees’ freedom of choice in making investments and the text of article Eighth serves to enlarge rather than restrict the powers of the trustees. (Matter of Voeth, 11 Misc 2d 641.)
The court finds that the trustees have the authority to invest in so-called “ non-legal ” securities. They remain charged, however, with the rule of vigilance expressed in the opening paragraph of section 21 of the Personal Property Law which enjoins all fiduciaries to make investments “ only in such securities as would be acquired by prudent men of discretion and intelligence in such matters who are seeking a reasonable income and the preservation of their capital ”. (King v. Talbot, 40 N. Y. 76.)