Pierson B. Hildreth, S.
In this accounting proceeding with which a separately instituted construction proceeding has been consolidated, the trustees request construction of article ‘1 third ’ ’ of the will as to the investment powers of the trustees. Specifically, the question is as to whether the trustees are authorized to invest in securities other than those authorized for fiduciaries under section 21 of the Personal Property Law, commonly referred to as “ legal investments. ’ ’ The provisions of said article “ third ” to be construed are as follows:
6 ‘ third : I order that my Executor and Trustees shall have the following rights and powers, besides those given to them by law: # * #
“ (b) The power to retain any securities or other property in which my estate may be invested at the time of my death without liability for depreciation or loss through error of judg *65 ment or otherwise; and the further power in their discretion, from time to time, to sell, exchange, and convey all or any part of the property which may at any time constitute the trust estate, upon such terms and condition as they shall deem best.
“ (c) The power from time to time to invest and reinvest any cash constituting any part of the trust estate in stocks, bonds, securities or other property, including particularly the right to buy common stocks of sound companies and other items popularly known as ‘ Business Men’s Investments ’ without any responsibility for the exercise of their discretion and without being confined to what are commonly known as £ Legal Investments. ’ ”
The court would first note that the attempted grant of powers which purport to relieve the trustees from all liability and to exonerate the trustees from responsibility in making investments is contrary to public policy and void under section 125 of the Decedent Estate Law.
As to whether the will authorizes investments in nonlegals, the rule as stated in Matter of Carnell (260 App. Div. 287, 290., affd. 284 N. Y. 624) is that “In the absence of express authority to the contrary in the will a testamentary trustee must invest the funds in securities authorized by the statute.” Here, however, testatrix in granting express power to the trustees to invest “ without being confined to what are commonly known as ‘ Legal Investments ’ ” has clearly indicated her intent that the trustees be not limited to legal investments. The court does not consider the phrase “ Business Men’s Investments ” as used in the paragraph as having any special significance capable of definition.
Accordingly, the court construes article “ third ” as authorizing the trustees in their discretion to retain any securities owned by the decedent at death, and as authorizing investment and reinvestment of funds of the trust without being limited to investments authorized under section 21 of the Personal Property Law. In the exercise of the broadened powers granted, the trustees are of course required to exercise the due care and diligence required of all fiduciaries. (Matter of Bullen, 30 Misc 2d 407; Matter of Das, 24 Misc 2d 40.)