In the Matter of the Estate of C. WALTER ANDERSON, Deceased.

Surrogate's Court, Suffolk County, May 16, 1962.

*Reinitz & Perry* for petitioner. *Daniel S. Lerner* for Richardson F. Anderson, as executor. *Ashare & Ashare* for Joseph Zak, as executor. *Timothy J. Healy* for Ethel Nolan.

PIERSON R. HILDRETH, S. This is a construction proceeding brought by a son of decedent requesting construction of paragraph " EIGHTH " of decedent's will.

Decedent died March 16, 1959, survived by his wife and two sons as his sole distributees. He left a will under which his entire residuary estate was disposed of under paragraph " EIGHTH ". By this paragraph the residuary estate was left in trust " to pay or apply the net income therefrom and so much of the principal, not exceeding, however, the sum of Five Thousand ($5,000.00) Dollars, in any twelve (12) month period " for the life of his wife, and upon her death the income and principal of the fund was divided into 10 shares, one of which was given to each of 10 named remaindermen.

Petitioner's contention appears to be that the net income payable to the wife is limited to $5,000 per year; that the annual income might (although there is no evidence that it has) exceed such sum; that the will does not dispose of such excess if any; that there is an implied direction that such excess income be accumulated during the wife's life, which accumulation would be unlawful, that consequently the disposition of the residuary estate is either void in its entirety, or at least as to disposition as to any such excess income, and that the residuary estate or such excess income would thus pass by intestacy to decedent's distributees, of which petitioner is one.

Inasmuch as the trust is measured but by one life, namely that of the wife, there is obviously no unlawful suspension as to the principal and the trust is valid as to principal. In the absence

of a direction for payment of any income in excess of the amounts payable to the wife it may be considered that there is an implied direction to accumulate any such excess. Decedent having died prior to September 1, 1959, an accumulation of such excess income during the life of the wife would be void under the provisions of section 16 of the Personal Property Law as existing prior to that date. However, the contention of petitioner overlooks the provisions of section 63 of the Real Property Law in a situation where the will makes a complete disposition of the residuary estate with named remaindermen.

Assuming the trust should produce income in excess of the amount paid to the wife, it would become payable to the persons presumptively entitled to the next eventual estate and not to testator's distributees. (*Cochrane* v. *Schell,* 140 N. Y. 516; *Matter of Kohler,* 231 N. Y. 353; *Matter of Siegel,* 24 Misc 2d 40; *Matter of Berthet,* 22 Misc 2d 7; Real Property Law, § 83.) That the will makes no provision for the payment of such possible excess income does not invalidate the residuary bequest under paragraph "EIGHTH". If there should be any such excess income during the life of the wife it would be payable to the remaindermen or their representatives as the persons presumptively entitled to the next eventual estate.