Nicholas M. Pette, J.
Pursuant to rule 112 of the Buies of Civil Practice, defendants move for judgment on the pleadings dismissing the second cause of action set forth in the amended complaint herein on the ground that it fails to state facts sufficient to constitute a cause of action, and granting judgment in favor of the defendants dismissing said second cause of action.
Plaintiff cross-moves, under rule 109 of the Buies of Civil Practice, for an order striking out the defendants’ first affirmative defense to the plaintiff’s second cause of action.
The amended complaint in this action sets forth what purports to be two causes of action; the first is to recover damages for defendants’ breach of a contract to sell certain parcels of real estate situate in Queens County, amounting to $5,444, which sum represents plaintiff’s contract deposit of $5,000 and title search and survey costs amounting to $444. The second cause of action is purported to be based upon a superseding agreement to settle plaintiff’s claim for $5,000.
Defendants’ answer sets forth a general denial and an affirmative defense challenging the second cause of action as *1001 based upon an oral agreement violating the provisions of sections 33-a and 33-b of the Personal Property Law “ in that same was not in writing nor signed by either of the defendants nor by their agents duly authorized in writing ”. Said answer also sets forth a counterclaim for the sum of $5,000 damages allegedly sustained by reason of plaintiff’s breach of the contract to purchase the real estate referred to in plaintiff’s first cause of action, aforesaid.
Buie 112 of the Buies of Civil Practice permits the court, on motion, to give judgment if either party be entitled to judgment on the pleadings, and without regard as to which party makes the motion. (Roof Health Club v. Jamlee Hotel Corp., 271 App. Div. 481.) This rule must be read in connection with section 476 of the Civil Practice Act.
The provisions of section 476 of the Civil Practice Act and rule 112 of the Buies of Civil Practice are not mandatory, but are addressed to the discretion of the court. (Jongers v. First Trust & Deposit Co., 147 Misc. 260; see, also, Schnibbe v. Glenz, 245 N. Y. 388.) A motion under this rule does not permit the use of affidavits. (Dold v. County of Niagara, 270 App. Div. 344.) The factual allegations of the pleading challenged must be taken as true and given every favorable inference (Abrams v. Allen, 297 N. Y. 52) and the court is restricted to such facts. (Federal Waste Paper Corp. v. Garment Center Capitol, 268 App. Div. 230.)
Upon the defendants’ motion for judgment on the pleadings directed to the sufficiency of the pleading comprising the challenged second cause of action herein, that pleading is tested as on a demurrer, without considering the denials and defenses in the answer. (Stevenson v. News Syndicate Co., 302 N. Y. 81; Brodsky v. Rieser, 195 App. Div. 557, 558.)
To succeed on a motion challenging the second cause of action herein under rule 112 of the Buies of Civil Practice, the moving party must show that the pleading attacked is totally insufficient on its face. (Messinger v. Great Hudson Fur Co., 62 N. Y. S. 2d 420, affd. 271 App. Div. 820.)
This court determines that the facts pleaded in plaintiff’s second cause of action set forth facts sufficient to constitute a good cause of action, when that pleading is considered without regard to the denials and defense in the answer.
Accordingly, the defendants’ motion under rule 112 of the Buies of Civil Practice to dismiss the second cause of action for insufficiency is denied.
*1002 With respect to the plaintiff’s motion to dismiss the defendants’ affirmative defense to plaintiff’s second cause of action pursuant to rule 109 of the Rules of Civil Practice, the scrutiny required is no different as when a pleading is attacked under rule 112 of the Rules of Civil Practice, and applying the foregoing rationale to the allegations comprising this challenged defense, plaintiff’s motion to dismiss it must also be denied.
In its motion to sustain the legal sufficiency of its second cause of action, the plaintiff, in the brief submitted to this court, urges that its challenged pleading sufficiently alleges a superseding agreement constituting a novation, and not within the purview of sections 33-a and 33-b of the Personal Property Law, which the defendants have interposed as an affirmative defense to said second cause of action, and in support of its position cites the case of Moers v. Moers (229 N. Y. 294, 301), wherein the Court of Appeals held: “ A new executory contract between a claimant and the person charged, by which they reciprocally agree to do or not to do an act or acts not obligatory by contract or law, which will affect a legal right of either, and which, expressly or through implication, includes the settlement of the original claim, is not a mere accord, but is the substitute for the original claim or contract, which is merged in it, and is, in and of itself, binding upon the parties.”
In the case at bar, the plaintiff had asserted its claim against the defendants for the sum of $5,444, which by the terms of the contract of sale, it contended it was entitled to.
If, as plaintiff urges in its brief, negotiations followed and culminated in the subsequent agreement whereby plaintiff’s rights under the original contract were extinguished as were the rights of the defendants, then new mutual promises were exchanged and new mutual obligations were created. If plaintiff accepted the defendants’ covenant to pay $5,000 as satisfaction of plaintiff’s disputed claim of $5,444, the plaintiff urges that it accepted the defendants’ covenant and not their performance as a satisfaction, and that under such circumstances, the agreement thus created was not within the contemplation of sections 33-a and 33-b of the Personal Property Law and cites Langlois v. Langlois (5 A D 2d 75); Krucenski v. Lorenzo (21 Misc 2d 652); Blair & Co. v. Otto V. (5 A D 2d 276) in support of its contention.
As this court reads plaintiff’s second cause of action, it does allege facts tending to establish the superseding agreement with sufficient finality, deliberateness and formalization to constitute said agreement a substituted agreement intended to discharge the pre-existing one. (See Goldbard v. Empire State Mut. Life Ins. Co., 5 A D 2d 230.)
*1003 As to whether the superseding agreement was oral or in writing, the pleadings, including plaintiff’s hill of particulars, raise issues of fact which cannot be determined on motions which under rules 112 and 109 of the Rules of Civil Practice are deemed to be true. The respective motions by the defendants and the plaintiff are denied.