JAMES BERARDI, Appellant, v. W. T. LANE, INC., et al., Respondents. — In an action, *inter alia*, to set aside a promissory note and a mortgage and for an accounting, plaintiff appeals (1) from an order of the Supreme Court, Dutchess County, dated October 29, 1971, which denied his motion for summary judgment and granted a special preference for trial in the interests of justice; and (2) from so much of an order of the same court, dated November 29, 1971, as directed that a trial be had. Order of October 29, 1971, modified, on the law, by adding, immediately after the decretal provision that plaintiff's motion is "denied", the following: "as to defendant Williams, and, as to said defendant, action severed; plaintiff's motion granted insofar as it is to strike defendants' affirmative defenses of the Statute of Limitations; and plaintiff's motion granted insofar as it is for summary judgment against defendants W. T. Lane, Inc., John P. Foran and William Carroll on the issue of defendants' breach of trust; said defendants are directed to render a full accounting

which should indicate (1) the amount of the trust fund prior to December 30, 1961, the date of a loan by the individual defendant trustees to the corporate defendant and (2) the exact amount of plaintiff's vested share of the pension trust fund; and appropriate orders shall be made at Special Term surcharging the defendants against whom summary judgment is herein granted, for any losses in the trust fund resulting from the loan of December 30, 1961, and directing payment to plaintiff of his share of the retirement benefits of the pension trust fund." As so modified, order of October 29, 1971, affirmed. Order of November 29, 1971 modified by adding to the decretal provision therein directing that a trial be had the following: " Such trial shall be had only as against defendant James A. Williams." As so modified, order of November 29, 1971 affirmed. Case remitted to the Special Term for further proceedings to implement this decision. Appellant is awarded $10 costs and disbursements against defendants W. T. Lane, Inc., Carroll and Foran jointly, to cover both appeals; no costs are awarded as to defendant Williams. Plaintiff was an employee of the predecessor in interest of defendant W. T. Lane, Inc., which on July 1, 1944 created a pension trust agreement, under the terms of which plaintiff is a beneficiiary. After retiring in 1969, plaintiff sought to secure his retirement benefit. He eventually instituted an accounting proceeding against defendant Foran as the apparent sole trustee of the trust fund. The account disclosed an investment on December 30, 1961 by the then three trustees of the plan, defendants Williams, Carroll and Foran, of almost the entire trust fund in a promissory note of the defendant corporation, W. T. Lane, Inc. The note called for security consisting of a real estate and chattel mortgage. A real estate mortgage was never given and a chattel mortgage though given was never recorded. At the time of this loan two of the trustees, Foran and Carroll, were directors of the defendant corporation; and Foran was its president. Foran as president signed the chattel mortgage and Carroll attested to his signature. Payments on the note were made for a time and then stopped. Plaintiff instituted the instant suit, for breach of trust and to recover his vested share of the pension fund, and moved, inter alia, to strike defendants' defense of the Statute of Limitations and for summary judgment on the issue of breach of trust. Defendants W. T. Lane, Inc., Carroll and Foran alleged generally in opposition that their acts had been proper and that there were numerous issues of fact before the court. Defendant Williams, in opposition, alleged that he was not an active trustee at the time of the loan and that in fact the loan was made without his consent or even his knowledge. Special Term denied the motion. In our opinion, the motion for summary judgment against defendants Lane, Inc., Carroll and Foran should have been granted and the affirmative defense of the Statute of Limitations raised by all of the defendants should have been stricken. A purported amendment to the trust agreement, i.e., in paragraph (a) of subdivision 2 of article IX, allows the trustees to invest, inter alia, in unsecured notes, whether or not the notes are authorized by law for the investment of trust funds. Such broad language invests the trustees with broad power to invest in " non-legals " beyond those authorized in section 21 of the former Personal Property Law or EPTL 11–2.2 (see EPTL 11–2.2, former subd. [a], par. [1], cl. [P], as amd. EPTL 11–2.2, subd. [a], par. 1; Matter of Das, 24 Misc 2d 40). However, despite this broad authority given to the trustees, a fiduciary's performance is still to be tested against the standard of prudent men of discretion and intelligence who are seeking a reasonable income and the preservation of their capital (Matter of Das, supra; Matter of Clark, 257 N. Y. 132). Under the facts at bar, the investment by the trustees of trust assets in an unsecured note of the

funding corporation in which two of the trustees, i.e., defendants Foran and Carroll, served as officers and directors, constituted self-dealing and a breach of their fiduciary duty (*Jongers* v. *First Trust & Deposit Co.,* 147 Misc. 260; *Matter of Hufnagel,* 258 App. Div. 1088; *Meinhard* v. *Salmon,* 249 N. Y. 458). Moreover, in our opinion, the loan was barred by the terms of the trust agreement itself, to wit, subdivision 1 of article XI thereof, which provides, in pertinent part, "nor shall any * * * amendment * * * seek or secure any right, title, interest or control to the Corporation in or to any of the assets, funds, contracts or values of the Trust." In fact, defendant Foran, as president of the corporate defendant, advised all of the corporation's employees, by letter dated December 15, 1961, that "no part of the funds in the plan * * * can * * * be used or enjoyed by the Company in any way." In the absence of any evidentiary facts in the opposing papers of defendants Lane, Inc., Carroll and Foran, plaintiff's motion for summary judgment as to them should have been granted (*Indig* v. *Finkelstein,* 23 N Y 2d 728; *Steingart Assoc.* v. *Sandler,* 28 A D 2d 801). Plaintiff's motion to strike the affirmative defenses of the Statute of Limitations should have similarly been granted as against all of the defendants. The alleged breach of trust occurred on December 30, 1961, when the subject note was made. At that time the residual Statute of Limitations for restitution and breach of trust was 10 years, pursuant to the former Civil Practice Act (*Rhinelander* v. *Farmers' Loan & Trust Co.,* 172 N. Y. 519; *Matter of Horowitz,* 114 N. Y. S. 2d 700). Since this action accrued, and was not barred, on September 1, 1963, when the CPLR went into effect, it was timely instituted when brought within 10 years after the date of the improper investment (CPLR 218). In our opinion, there were issues of fact raised regarding defendant Williams' consent to or actual knowledge of his cotrustees' acts of self-dealing. Similarly, the question of Williams' negligence in failing to prevent a breach of trust or in improperly delegating his responsibilities cannot be determined without a trial. An immediate trial of this issue should be held; and, after a determination of Williams' liability, if any, proof should be taken in the accounting herein directed to be had (*Parker* v. *Rogerson,* 33 A D 2d 284). Rabin, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.